### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT ATLANTA,

## AUGUST TERM, 1859.

Present—JOSEPH H. LUMPKIN,
HENRY L. BENNING, } Judges.
LINTON STEPHENS,

---

JAMES M. SMITH, and others, plaintiffs in error, vs. THOMAS
W. GOODE, defendant in error.
  The same vs. WILLIAM G. HORSLEY.
  The same vs. THOMAS BEALL.
  The same vs. A. H. CHAPPELL.
  The same vs. JOHN J. FLOYD.

[1.] If one of the attorneys for the plaintiff in judgment collects the judgment,
the others may, by *motion* against him, enforce their liens on the money for
their fees.

[2.] One of several of the attorneys for plaintiffs in a judgment, collected money
on the judgment, and was ruled by the other attorneys for so much of it as
would pay their fees. He was properly served with the rule. Two of the
plaintiffs in the judgment came in and defended the rule in his place. They
appeared by another attorney, and he urged against the motion, amongst
other things, that his clients had not had sufficient notice of the motion. He
did not say he was not ready, did not ask for time, or suggest anything to call
for delay. The Court overruled the objection.
*Held,* That the Court did right.

[3.] He then requested that the case might be tried by a jury.

*Held*, That this request ought to have been granted.

Rule, in Upson Superior Court.   Decision by Judge CAB-ANISS, at May Term, 1859.

The foregoing cases, all depending upon the same or simi-lar facts, and the same decision being made in each, by the Court below, were heard together in the Supreme Court.

The following rule was taken out against James M. Smith, one of the plaintiffs in error, viz.:

" JAMES S. WALKER, NATHANIEL F. WALKER, Jr, and DANIEL GRANT, Trustee for FRANCES C. COLEMAN, vs. NATHANIEL F. WALKER, Sen'r, ex'or of ALLEN M. WALKER, dec'd, and NATHANIEL F. WALKER, individ-ually.
 } Bill for discovery, account and relief; and submission to ar-bitrament and award thereon.

" It appearing to the Court that the defendant, Nathaniel F. Walker, executor of Allen M. Walker, deceased, has paid over to James M. Smith, Esquire, one of the complainants' solicitors, a considerable sum of money, in part payment of the award made in the above stated case, and that the same is now in the hands of said Smith, as solicitor aforesaid ; and Thomas W. Goode, also one of the solicitors and coun-sel of complainants, representing to the Court that he has a lien on said sum in said Smith's hands, for counsel and so-licitor's fees due to him in said case by said complainants, to wit, the sum of two thousand dollars.   Now, therefore, on motion of said Thomas W. Goode, it is ordered that said James M. Smith do pay over to said Goode, out of said fund, the amount of counsel and solicitor's fees to which he is en-titled as aforesaid, or show cause to the contrary to-morrow morning, and that said Smith be served with a copy of this rule."

To this rule Smith, the respondent, answered as follows:

"And now comes the respondent to the within *rule nisi*, and for answer to the same, says, that he now has in his hands, and undisposed of, the sum of $8,776 46, collected by him from Nathaniel F. Walker, defendant in the case named in the within *rule nisi*, that this respondent claims a lien on said fund for services rendered as one of the solicitors in said case, for the sum of $2,500, and prays that the same be allowed and adjudged to him by this honorable Court, and respondent having fully answered, &c.

"J. M. SMITH."

The above rule coming on to be heard, James S. Walker and Nathaniel F. Walker, Jr., by their counsel, objected to, and protested against the hearing and trial thereof, upon the grounds, that the fund, admitted to be in the hands of said respondent, was a joint fund, and belonged to James S. Walker, Nathaniel F. Walker, Jr., and Frances C. Coleman, a *feme covert*, and that the Court has not jurisdiction in this summary manner. And further, that said James S. and Nathaniel F. Walker, Jr., and Daniel Grant, trustee for Mrs. Coleman, had not been served with said rule, or any process by which they were made parties to this proceeding. And further, that said Grant was not present.

It was admitted and stated by respondent, Smith, that sometime before the sitting of this Term of the Court, he notified Grant that said fund was in hand, and that proceedings would be had, to dispose of said fund at this Term of the Court, and that Grant said that he would take some proceeding to have said money disposed of at this Term of the Court. It was further stated, that said Grant was absent from the State on business.

N. M. Harris, Esq., also stated that he was present to represent James S. Walker and Nathaniel F. Walker, Jr., and

had a power of attorney from J. S. Walker for that purpose, authorizing him to employ counsel.

The Court held and decided that the solicitors of the complainants, in the original suit in equity, had a lien on the fund in Court for their fees, and that the Court had jurisdiction so far as to award them their fees, and direct the same to be paid out of the same; and as the parties in interest all had notice that the fund in Court would be disposed of at this Term of the Court, the Court ordered the cause to proceed.                                    :

To which ruling and decision respondent excepted.

*James M. Smith, Esq.*, testified that the fund in his hands was collected by him of Nathaniel F. Walker, Sen., in part of a judgment or decree in Upson Superior Court, wherein James S. Walker, Nathaniel F. Walker, Jr., and Frances C. Coleman, wife of Edmund Coleman, by her trustee, Daniel Grant, were complainants, and Nathaniel F. Walker, Sen., executor of Allen Walker, deceased, was defendant. That the recovery in said case was ninety or one hundred thousand dollars, including the payments made after the suit was commenced, and before the award, and interest thereon to the date of the award. That Thomas W. Goode, Absalom H. Chappell, John J. Floyd, Barnard Hill, James M. Smith, (the witness and respondent,) William G. Horsley, and Thomas Beall, were the solicitors for complainants. That Judge WORRILL was also employed and engaged in the case for complainants at the commencement, but went out on being elected Judge. Thomas W. Goode rendered valuable services in the case—he drafted and filed the original bill—was one of the original counsel, and was active and efficient in preparing the case and arguing it before the Court, up to the time of his becoming infirm, which was towards the close of the case. Can't enumerate the services he did render; thinks the fee he charges, $2,000, is a reasonable one.

*Barnard Hill, O. C. Gibson, James W. Greene, John J.*

*Floyd*, and *Absalom H. Chappell, Esquires*, all sworn and testified, in substance, as Smith had testified, except that Hill declined to give an opinion as to the value of the services rendered. They testified further, on the cross-examination, that from ten to fiften per cent. on the amount recovered was a fair allowance or charge for counsel fees in a case of this kind.

Here movant closed, and counsel for the Walkers moved to be allowed to tender an issue as to the value of services rendered, and that the case be submitted to a jury. The Court held and decided that if he had any issue of fact to make, he might go to a jury if he would tender an issue; as to the rendition of the services, the Court would direct it to be tried by a jury. Counsel replied that he had no such issue to make; he could not deny that movant had rendered services.

The Court held that the question as to the lien of counsel for fees upon the fund in Court, and the amount of fees to be allowed, was for the Court, and the intervention of a jury was not necessary to enable the Court to decide it.

To which ruling and decision counsel for respondent excepted.

Respondents then swore *Amos W. Hammond, Esquire* who testified that he knew nothing about the case; but after being informed by counsel of the amount involved, number of counsel, and the time the case was pending, he thought that twelve and a half, or fifteen per cent. on the recovery was a reasonable charge for counsel fees; thought that counsel who pepared a case was entitled to as large a fee as those who conducted the case in Court.

The testimony being closed, the Court made the *rule absolute*, and passed the following order. (After reciting the case, the issuing of the rule, the answer, &c.) " It having been

made to appear to the Court that the said Thomas W. Goode was one of the complainants' counsel and solicitors in said case, and rendered professional services as such therein, and and that said services were of the value of two thousand dollars, the amount claimed by him for his services heretofore and hereafter to be rendered by him to the close of the case : And no cause having been shown to the contrary, either by the said James M. Smith, or by the complainants, who had, as it appeared to the Court, notice of the purpose of the said Thomas W. Goode, and other solicitors of the complainants, to enforce their lien on said fund, as counsel and solicitor's fees, by rule, at this Term of the Court. It is, therefore, ordered by the Court, that the said *rule nisi* be and the same is hereby made *absolute*, and that the said James M. Smith pay over to the said Thomas W. Goode the sum of two thousand dollars, out of the money now in his hands, received by him as aforesaid, if the fund in his hands be sufficient; if not, then ratably with the fees of other counsel and solicitors adjudged them at this Term of the Court. And that the said Thomas W. Goode execute and deliver to him a receipt for the same, and that this be a discharge to him of liability to that extent to said complainants."

To which order and decision counsel for respondents (for the Walkers) excepted.

Similar rules were taken out by Thomas Beall, William G. Horsley, John J. Floyd, and Absalom H. Chappell, Esquires, respectively. To which the respondents answered, and testimony submitted in support of the respective claims.

The amount claimed by, and ordered and adjudged to be paid to Thomas Beall, Esquire, out of the fund in the hands of James M. Smith, Esquire, was $1,200. To John J. Floyd, Esquire, $2,000. To Absalom H. Chappell, Esquire, $1,500. To William G. Horseley, $1,200.

To all which counsel for the Walkers excepted.

N. M. HARRIS; and SIMMS, for plaintiffs in error.

GIBSON; and J. J. FLOYD, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Motion was the form of procedure in this case, and the first question is, was that an allowable form of procedure?

[1.] Motion is an ordinary form of procedure against attorneys at law, sheriffs, clerks, and other officers of Court, to enforce rights existing against them, in their official character, such as the right to money collected by them for suitors. That the plaintiff may rule his attorney for money of his, collected by the attorney, there can be no doubt. And if the plaintiff may rule him in that case, why may not an associate attorney rule him in the case in which it happens that he has collected the money of their common client—money, therefore, upon which they have each a lien for their fees. The lien gives the associate attorney a perfect right to have so much of the money as will pay his fees. Why, then, may not he, too, rule for his money? We see no reason why he may not. We, therefore, agree with the Court below, that motion was a proper form of remedy in this case.

The next question is, was the notice given of the motion, to James S. Walker and Nathaniel F. Walker, Jr., sufficient?

The motion was not against them, but against their attorney at law, James M. Smith, who was the one of their attorneys that had collected a portion of their judgment, and had the money in his hands. And there is no question but that the notice to him was sufficient, so far as *he* was concerned. Was it necessary that there should be notice to anybody but him? He alone had the money; he alone, perhaps, was subject to a rule; and he was bound to make all due resistance to the motion; for if the motion went against him, improperly, the judgment would be no protection to him

against his clients, the plaintiffs in the judgment, they being no parties to the motion, and they, consequently, would be able to collect the amount of the judgment out of him, and thus they could make him pay the money twice. When the Sheriff is ruled, he alone is served with the rule; and this is so, even in the case in which there are several claimants of the fund. We, therefore, are not prepared to say that, there was a necessity for notice at all to the plaintiffs in the judgment—a necessity for notice to any but Smith.

Concede, however, that a notice to the plaintiffs in the judgment was necessary, did they not have it? Grant, one of them, is not complaining; so we may dismiss the question as to him. The other two, James S. and Nathaniel F. Walker, Jr., were represented by their attorney at law, Mr. Harris. They appeared by him, and defended the case, in Smith's place. The Court, it seems, allowed them to do so, as a matter of course. Very well. If they took Smith's place, they had to take it as Smith held it, and he held it under sufficient notice. In this veiw, then, they had sufficient notice.

But even if this view is wrong, there is another, a third view, that will show, we think, beyond question, that there is nothing in this ground of a want of notice.

Conceding that they were entitled to notice, what was the kind of notice to which they were entitled? Reasonable notice; no other. For aught that appears, they had reasonable notice by their attorney, Mr. Harris. When the motion was called, he appeared for them, and objected to the motion, amongst other things, that there was no notice of it to his clients. He, at that time, at least, if not before, had notice of the motion. Did he need any earlier or other notice than that? It does not appear that he did. It is to be presumed that he did not, because he did not suggest that he was not ready for the motion; as ready as he would have been if he had had a month's notice of it. He did not move for a continuance of the case, or even ask for its temporary postponement. We are bound to presume, therefore, that he was

Smith et al. vs. Goode et al.

ready for the case; if so, the notice, however short, was reasonable notice, for what is the reason for notice in any case? It is only to enable the party to get ready for his defence.

[2] We think, then, that for this, if not for the other two reasons, there was a sufficient notice to the two Walkers, plaintiffs in error.

The next and last question is, whether the case should have been tried by a jury, as the plaintiffs in error requested that it should?

This is a question not free from difficulty. We think that the case ought to have been tried by a jury. It was a case in which there was, in substance, a suit for unliquidated damages; a case in which the suit had ceased to be a suit, except in form, against the attorney, the party subject to the rule, and had become a suit, in substance, against his clients, parties not subject to the rule. And the questions, so far as they were concerned, were precisely the questions that would have existed, had they been sued by regular action for the fees. And if the suit had been in that form, they would have been entitled, beyond question, to a jury trial. They requested a jury trial. We think that in every such a case there ought to be a jury trial.

[3.] We think, therefore, that the Court, in refusing a jury trial, erred, and, consequently, that there ought to be a new trial.

On the other questions, the conclusions to which we have come are the same to which the Court below came.

What has thus been said, is applicable to each of the five cases.

Judgment reversed and new trial granted.