## WALKER *et al.*, *vs.* FLOYD.

1. It is no ground of continuance, of itself, that a full report of a decision of this Court in the case on trial has not been received by the party desiring its use.
2. To be entitled to a continuance on account of the absence of a practicing attorney from the Court, the party desiring such witness must show the same diligence to have the attorney in attendance, or to obtain his evidence, as for that of any other witness.
3. When money is in the hands of an officer of the Court on which counsel claim a lien for fees which is controverted by the client to whom the money belongs, a rule is a proper remedy to settle all questions between client and attorney in respect to the same.
4. To such rule the attorney need not attach a bill of particulars of the various services he has rendered, steps taken or things done in the different stages of the litigation in which the service was rendered, nor need he, on the trial, go into proof of the same; the services in a particular litigation must be in pleading, and proof, treated as a whole.
5. Such proceeding will not lie for services not yet rendered.

Rule, in Upson Superior Court.    Tried before Judge CABANISS, at November Term, 1859.

In an equity case pending between James S. Walker and others, against Nathaniel F. Walker, an award was made against defendant under a rule of reference. He, in part payment of the amount awarded against him, paid to James M. Smith, Esq., one of plaintiff's solicitors, a considerable sum of money, between ten and fifteen thousand dollars. This was a rule by John J. Floyd, Esq., one of the solicitors of complainants in said cause, against Smith, to pay over to him out of said fund the sum of two thousand dollars for counsel fees due to him by complainants in said case, or show cause to the contrary, etc. This rule was predicated upon the ground or principle that movant, as solicitor aforesaid, had a lien, as counsel, for his fees on the funds in the hands of Smith, who was associate counsel in said cause, and an *an attorney of the Court*. The question as to the right to maintain this form of procedure, and how to be tried, were decided upon a bill of exceptions brought to the Supreme Court in this and other cases, at August Term, 1859. (*See* 29 *Ga. Rep.*, 185.) The case being remanded by the Supreme Court, came up

again for trial, before Judge CABANISS, at November Term, 1859. J. S. Walker, N. F. Walker, jr., and F. Coleman, complainants in the equity cause, came in under the rule and defended, and were the real parties respondents.

The cause being called, counsel for respondents moved to continue the case, on the following grounds :

1st. In order to enable them to obtain and have the opinion of the Supreme Court pronounced in the cause at Atlanta, August Term, 1859.

2d. Because of the absence of H. Hill, Esq., a material witness for respondents ; that witness was a practicing attorney of this Court, residing in Macon, Georgia, and that they reasonably expected that he would be present at this term of the Court, and at this trial ; that he had not been subpœnaed, nor had any steps been taken to take his depositions.

It further appeared, that the remittiter from the Supreme Court, remanding the case for a new trial, had been received and entered on the Minutes of the Court below.

The Court refused the motion to continue, and respondents excepted.

Counsel for respondents further objected to proceeding to trial, on the ground that rule was not the remedy in a case like this ; that it could only hold up the fund in Court, but that movant must establish his demand by action at law.

The Court overruled the objection, holding that an attorney at law had a lien on money raised under a judgment obtained by him for his client, which he can enforce by rule ; and respondents excepted.

Counsel for respondents further objected to the rule, on the ground that the cause of action, or the particular services rendered, was not distinctly set forth and specified in the rule.

The Court overruled the objection, and respondents excepted.

Counsel for respondents, in the progress of the examination of the witnesses, objected to their testifying as to services rendered, unless such services were specifically set out in the pleadings, and further objected to the witnesses who were lawyers giving their opinions as to the value of the services rendered by plaintiff.

The Court overruled the objections, and respondents excepted.

The case being submitted to the jury upon the evidence, argument of counsel and charge of the Court, they returned a verdict for plaintiff for two thousand dollars.

Whereupon, counsel for respondents tender their bill of exceptions, assigning as error the rulings and decisions aforesaid.

N. M. HARRIS and B. H. BIGHAM, for plaintiffs in error.

GIBSON & PEEPLES, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

1. The Act of 22d of January, 1852, " to regulate the practice of the Supreme Courts and of the Superior Courts of this State," etc., provides, " That when any cause shall be sent back to the Superior Court by the Supreme Court, the same shall be in order for trial at the first Term of the Superior Court next after the decision of the said Supreme Court. And where either party may have exhausted their continuances on the appeal, the said Superior Court shall have full power and authority to grant one continuance to said party as the ends of justice may require." Under that statute, the plaintiffs in error were not entitled to a continuance of the cause on the first ground. The record does not show that they had exhausted their continuances. That statute evidently intended that the Court should continue only for a good and sufficient cause shown. That the mere fact that a full report of the decision of the Court in the former trial had not been received, should not, of itself, be a sufficient ground of continuance. But that when the continuances allowed by law, on proper showing made, had been exhausted, that then the Court might continue on a like showing one time more, if the ends of justice require it. These parties gave no reason why the decision of this Court was necessary to a full understanding and settlement of their rights before the Court, or in what way it could benefit them in that trial. Nor can we see how the want of that judgment has injured or even affected their rights.

2. To entitle one to a continuance on account of the absence of an attorney, who is a witness for him, it is necessary that he should show that he has used the same diligence to

Walker *et al.*, *vs.* Floyd.

procure his attendance or his testimony, if he resides out of the county, as any other witness, notwithstanding the attorney, at the time, may be a regular attendant upon, and practitioner in, the Court where the testimony is desired to be used ; for the reason that, although the attorney is for certain purposes an officer of the Court, he is not so for all purposes. He is not obliged to attend the Court.   He attends the Court voluntarily in the pursuit of his profession as the prosecutor of his client's rights before the Court.   And as the plaintiff did not come up to this rule, the motion for continuance was properly overruled.

3.  Counsel for plaintiffs in error  demurred to the form of proceeding on three grounds :

1st.  That a rule was not the proper remedy.

2d.  That the rule did not plainly and distinctly set forth the cause of action, and did not contain a bill of particulars of the services rendered.

3d.  That there was a branch of the litigation still pending. Whether a rule was  the proper form of proceeding for settling  the issue between these parties, was  made and determined against plaintiffs in error in this same case, in the name of *Smith vs. Goode*, 29 *Ga.*, 185, with the reasoning of which the plaintiffs must be satisfied.

4.  The employment of counsel goes to the whole of the litigation, from the time of his employment to the end of the same, and he is expected, and it is his duty, to do every service in the progress of the cause that is necessary for the prosecution, protection, or defense of his clients' right—in all things to represent and insist upon his rights, and his compensation is to be measured by the amount involved, the benefits conferred, the services actually rendered that was necessary  to be rendered, and the time the litigation was continued.   But it is not the practice, and it would be bad policy, to fix a specific charge for each specific thing done by counsel in the progress of the cause.   There would be no end to the charges, and no inducement to counsel to bring the litigation to an end.  Without enlarging further upon this point, we hold, for these reasons, that it was not necessary to attach a bill of particulars to the rule to show cause why the money should not be paid.   It is sufficient if the rule show on what account it is moved and in what litigation the service was rendered.   In other words, all that is necessary is, that the

rule should contain sufficient to put the client on notice and to bar a future demand of the attorney for the same service, and this we think this rule does. And this, we think, disposes of all objection to the testimony of the witnesses sworn on the trial on the same ground.

5. The attorney could not move this rule against a fund in Court for services not yet rendered. But we do not understand that to have been the object or effect of this proceeding. It was a claim for fees for such services only as had already been rendered, and in a litigation which was ended.

Some other points appear in the bill of exceptions, but as they were not argued or relied on, and as we do not see any merit in any of them, we take it for granted that counsel for plaintiffs in error abandoned them and did not desire this Court to pass upon them. The main ground relied on was, that the attorney's claim for services could not be enforced as a lien against the fund in Court by rule, but must be ascertained and fixed by an action at law as all other claims; and this question was decided as before stated, and against the plaintiffs at Atlanta, August Term, 1859, of this Court.

Judgment affirmed.