34 377
119 465

L. N. WHITTLE, plaintiff in error, vs. ELISHA N. NEWMAN, defendant in error.

An attorney cannot collect his fee by ruling his client, though the latter may have possessed himself of the entire fund recovered by the litigation, in respect to which the services were rendered.

Rule by Attorney against his Client. In Twiggs Superior Court. September Term, 1865.

The entire record sent up in this case was as follows:

"TWIGGS SUPERIOR COURT, September Term, 1865.
"On motion of counsel for plaintiff, it is ordered that Dr. Elisha N. Mewman show cause on to-morrow morning, if any he have, why he should not pay to L. N. Whittle, as counsel for plaintiff in a case in Twiggs Superior Court, wherein said Newman was plaintiff and the State of Georgia defendant, the sum of three hundred dollars for his

48

counsel fees, and the sum of fifteen dollars paid by said Whittle to take interrogatories in said case.

"By the Court.   Sept. 25th, 1865.

L. N. WHITTLE, Atty. for self."

"We consent that the original papers in this case may be used in the Supreme Court in lieu of a writ of error, it being admitted that Dr. Newman went to Milledgeville, received the money, and paid Messrs. Solomon & Crocker their fees of $500 each, all by consent of S. & C., who were retained in the case; but all this without the knowledge or consent of said Whittle.

L. N. WHITTLE, Pl'ff's Att'y.
HARRIS & HUNTER, Def't's Att'ys."

WHITTLE, for plaintiff in error.

No appearance for defendant.

WALKER, J.

[1.] This was a proceeding to enforce, by rule, an attorney's lien upon funds which had been received by his client from the opposite party. "The attorney's lien shall attach for his fees and for a general balance on all sums *collected by him*, and upon all property *recovered by his services*, and shall be superior to all other liens thereon." *Code*, 1989. That the attorney had a lien upon the money received from the State— "the property recovered by his services," is very clear: the only question is as to whether he can enforce it by rule. In this case, he insists that unless he can enforce it by rule he is without remedy. He predicates his proceeding upon the 4th paragraph of sec. 200 of the Code, which says, "Every Court has power to control, in furtherance of justice, the conduct of its officers, and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." We do not think this applies to the reception of

money by the party after the litigation has ended. When there is no longer any judicial proceeding pending before the Court, we can not very well see how a Court can control persons in transacting their ordinary business affairs. This case seems to present a great hardship; but we do not know any power in the Courts to grant the relief prayed for. The judgment of the Court below refusing the motion must be affirmed.

Judgment affirmed.