## 53093. HALDI v. ALLEN.

STOLZ, Judge.

The appellee hired the appellant attorney on a contingent-fee basis to prosecute a securities case against a third party. During the pendency of the securities proceeding, the appellee allegedly discharged the appellant. The appellant then made a motion as part of the securities case to be paid his fee. From a denial of the motion, the appellant presents this interlocutory appeal.

An attorney who is hired under a contingent fee contract and later discharged has a right to payment of a reasonable attorney fee. *Bearden v. Lane,* 107 Ga. App. 424 (1) (130 SE2d 619) (1963). As a general rule, a discharged attorney who was employed on a contingent fee basis may not recover that fee by a summary proceeding or order in the cause in which the fee is earned. 7 CJS 1100, Attorney and Client, § 194; see McLaughlin v. McLaughlin, 427 SW2d 767 (4) (Mo. App. 1968); In re Lomm, 195 S2d 416 (1) (La. App. 1967); Shatzkin v. Shahmoon, 19 App. Div. 2d 658 (4) (242 NYS2d 72) (1963); Fields v. Potts, 140 Cal. App. 2d 697 (295 P2d 965) (1956); Marx v. Marx, 24 N. J. Super. 204 (93 A2d 773) (1953). The attorney may bring an independent action, however. *Patterson v. Drake,* 126 Ga. 478 (8) (55 SE 175) (1906). Cases dealing with other than contingent fees are distinguished. *White v. Aiken,* 197 Ga. 29 (2) (28 SE2d 263) (1943); *Head v. Aycock,* 116 Ga. App. 739 (158 SE2d 685) (1967); *Carter v. Wyatt,* 113 Ga. App. 235 (8) (148 SE2d 74) (1966). Therefore, the trial judge properly dismissed the appellant's motion.

*Judgment affirmed. Quillian, P. J., and Shulman,*

*J., concur.*

ARGUED JANUARY 10, 1977 — DECIDED FEBRUARY 23, 1977.

*Glenville Haldi,* for appellant.
*Candler, Cox, Andrews & Hansen, E. Lewis Hansen,* for appellee.