62087. HENSON & HENSON, P.C. et al. v. MYSZKA.

Shulman, Presiding Judge.

On November 17, 1978, appellee and appellant-law firm's predecessor signed a contingency fee contract in which appellant's predecessor agreed to represent appellee in his claim for damages and injunctive relief against the City of Columbus, Georgia. James E. Butler, Jr., one of the group of attorneys which made up the firm which was appellant's predecessor, subsequently filed a complaint in the case and pursued discovery. Butler left appellant's predecessor on August 31, 1979, but continued to represent appellee through the trial and appellate stages of his lawsuit which resulted in a judgment of $46,000 for appellee. See *City of Columbus v. Myszka,* 246 Ga. 571 (272 SE2d 302). Shortly after the Superior Court of Muscogee County issued an order implementing the remittitur from the Supreme Court, appellant filed two money rules, each accompanied by an attorney's lien, against the Sheriff of Muscogee County, claiming a portion of the funds paid to that officer by the City of Columbus

pursuant to the judgment rendered in superior court in the case styled as Myszka v. City of Columbus. Another money rule was filed by appellant against the sheriff in the State Court of Muscogee County. After a hearing, the trial court granted appellee's motion to dismiss the two money rules filed in superior court and ordered the sheriff to pay the money he held to appellee. On the same day, appellant filed a notice of appeal; however, the trial court, after being informed that the accrued costs in Myszka v. City of Columbus had not been paid, ruled that appellant's notice of appeal did not act as a supersedeas and again ordered the sheriff to disburse the money to appellee. Appellant paid the accrued costs approximately three hours after the trial court's second order. Appellant now contends that the trial court erred when it granted appellee's motion to dismiss the money rules and ordered the sheriff to disburse the funds he held to appellee.

1. "Where money is in the hands of an officer [of the court], he may pay it over to the plaintiff by whose process it was raised, unless other claimants deposit their liens with him. . ." Code Ann. § 24-211. "When money is in the hands of an officer . . of the Court on which counsel claim a lien for fees which is controverted by the client to whom the money belongs, a [money] rule is a proper remedy to settle all questions between client and attorney in respect to the same." *Walker v. Floyd,* 30 Ga. 237, hn. 3. It is undisputed that, at the time the money rules were filed, the money in question in the present case was in the hands of the sheriff, an officer of the court. Code Ann. § 24-201.

After reading the transcript of the hearing held on appellee's motion to dismiss the money rules filed in superior court, it is apparent that the trial court granted the motion because it believed appellant had ruled a client, a practice prohibited by *Whittle v. Newman,* 34 Ga. 377. However, appellant's money rules were directed to the Sheriff of Muscogee County, an officer of the court, and were therefore appropriate under the above-cited authorities. Thus, it was error for the trial court to grant appellee's motion to dismiss the money rules. It follows from the above analysis that it was error for the trial court to order the sheriff to disburse the funds held by that officer since valid money rules claiming a portion of the fund had been filed against the sheriff. See Code Ann. § 24-211.

2. The trial court also erred when it ruled that appellant's notice of appeal did not act as a supersedeas because appellant had not paid the accrued costs in Myszka v. City of Columbus. Under Code Ann. § 6-1002 (a), a notice of appeal shall serve as a supersedeas upon payment of all trial costs by the appellant. The notice of appeal presently before the court shows that appellant sought thereby to

appeal the trial court's decision to grant appellee's motion to dismiss the money rule. The money rule, filed by appellant as an attorney hired on a contingency basis, was an action separate from the cause in which the fee was earned. See *Roberts v. Keeler,* 111 Ga. 181 (1) (36 SE 617); *Haldi v. Allen,* 141 Ga. App. 414 (233 SE2d 478); *Commins v. Rose,* 44 Ga. App. 182 (1) (160 SE 679). Thus, appellant should not have been held responsible for the costs which had accrued in Myszka v. City of Columbus, a separate action from the money rule decision which appellant was attempting to appeal, and an action to which appellant was not a party.

Having reversed the orders of the trial court on these grounds, we will not address the remaining enumerations of error raising additional grounds for reversal.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 15, 1981 —
REHEARING DENIED OCTOBER 22, 1981 — 

*James H. Fort, Jeffrey M. Smith, Richard L. Shackelford,* for appellants.

*John Denney,* for appellee.

ON MOTION FOR REHEARING.

In its motion for rehearing, appellee argues that the costs which had accrued and for which appellant was held responsible were "*solely* from the proceeding involving the money rule." (Emphasis supplied.) A review of the record refutes this assertion.

*Motion for rehearing denied.*