WILLIS A. HAWKINS, plaintiff in error, vs. JONAS SMITH, trustee, defendant in error.

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

1. The judgment relied upon to sustain the plea of *res adjudicata*, manifest-ly did not cover the matter in controversy, and therefore the charge of the court, based upon this view of the case, was not error.

2. However honest an attorney may be, in the belief that money collected belonged to him, yet if, in fact, such fund was the property of his client, this honest belief is not such "good cause" as will relieve him from the payment of twenty per cent. per annum from the time of demand therefor.

3. A question not made in the court below will not be passed on here.

Hawkins *vs.* Smith.

Judgments.    Charge of Court.    Attorney and client. Practice in the Supreme Court.  Before Judge CLARK.  Sumter Superior Court.    October Adjourned Term, 1875.

Reported in the decision.

B. P. HOLLIS; ALLEN FORT; N. A. SMITH, for plaintiff in error

GUERRY & SON, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant, as an attorney at law, to recover a sum of money alleged to have been collected by him, and which he refused to pay to the plaintiff when demanded.  The defendant pleaded that the plaintiff ought not to maintain his action against him because the whole matter had been settled and determined by a judgment of the superior court of Sumter county upon a rule *nisi* embracing the same subject matter.   On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for $200 00, with interest at seven per cent., from the 5th of April, 1869, up to the 15th of April, 1874, and twenty per cent. thereon after demand of payment.

It appears from the evidence in the record that the defendant collected, on a mortgage placed in his hands for collection, the sum of $900 00 at one time for one portion of property embraced in the mortgage, and that he received at another time time $200 00 from Elam for another portion of the property embraced in the mortgage.  The controversy between the parties in this suit was in relation to the $200 00 received from Elam. When the defendant was ruled for the money which he had collected the original rule appears to have been amended so as to include the money received by the defendant from Elam.  The defendant, in his answer to the amended rule, admitted the receipt of $900 00 for the mortgaged property sold to Joiner,

for the plaintiff, but insisted that he received the money from Elam in his own right and not as the attorney, of any person.

There appears to have been a rule absolute granted against the defendant for the sum of $900 00, about which there was no controversy at the trial of this case. The plaintiff demurred to the defendant's amended answer, which was overruled, the court holding it to be sufficient to protect the defendant from the payment of the money alleged to have been received by him from Elam; then the following agreement appears to have been executed, which was offered and read in evidence by the plaintiff:

" *J. Smith, trustee, vs. B. F. Marshall. Rule against W. A. Hawkins, attorney at law.*

"The rule in the above stated case having been dismissed by the court without being traversed, and their being no further proceedings had in said rule case, I hereby waive all advantages (if any) which have arisen or may arise in favor of myself by reason of the said proceedings, as against any suit at law which may be hereafter instituted upon the same cause of action in Sumter superior court, but will insist that I am not liable, originally, to any greater extent than was adjudged by said proceedings.

(Signed)          " W. A. HAWKINS."

The plaintiff offered in evidence the mortgage and the receipt of the defendant to Elam for $200 00, which was signed by him as attorney. The plaintiff introduced the defendant as a witness, who stated, amongst other things, "that until his memory was refreshed by looking at the transfers and receipt, he thought that he had sold the whole interest to Joiner, and that he received the $200 00 from Elam as his own individual money and not as the money of the plaintiff." The defendant introduced in evidence the rule *nisi*, answer, and judgment of the court making the rule absolute against him for $900 00, which it was agreed he had paid. Smith testified that he *considered* the rule on which the order was passed a new rule, and not an amendment.

In rebuttal, the plaintiff proved by Guerry that the rule on which the judgment was passed was an amendment of the first rule, and not a new rule. The defendant, in his second answer, recognizes the rule as an amended rule, when he says,

" In answer to the rule as amended, respondent says," etc. The plaintiff also proved a demand upon the defendant, in writing, to pay the money collected by him to his attorney, or in default thereof that twenty per cent. per annum would be required.

The defendant requested the court to charge the jury, "If defendant, in good faith, refused to pay the money on demand of the plaintiff, believing that he was not liable for the amount, or any part thereof, the jury may find only lawful interest, and are not compelled to find twenty per cent., from the time of the demand, on the $200 00;" which charge the court refused to give, but did charge the jury as follows: "So far as the claim for the corner lot, known as the Handy lot, was concerned, the judgment on the rule against Colonel Hawkins was a bar to any further proceeding on that account. The plaintiff having obtained a rule absolute against Colonel Hawkins on that claim, could not recover for the same demand in an action at law. If the Elam lot was not a subject matter of the rule, then the rule absolute, as to the money collected on account of that lot, could not be pleaded in bar of this action. If Colonel Hawkins received $200 00 on the Elam lot, he is responsible for that amount, with legal interest up to the notice, and twenty per cent. after the notice." To the refusal to charge as requested, and to the charge as given, the defendant excepted, and assigns the same as error.

1. In our judgment there was no error in the charge as given, or in the refusal to charge as requested, in view of the evidence contained in the record. From an inspection of the record and proceedings had as to the rule absolute for the $900, it is quite clear, we think, that the $200 00 received from Elam, which is the subject matter of the present suit, was not included in that judgment. The record shows that the original rule was amended so as to require the defendant to show cause why he should not pay to the plaintiff the money received from Elam. The defendant answered the rule *as amended*, admitted the receipt of the $200 00 from Elam, but stated "that he received the same

in his own right and not as the attorney of anybody." This amended answer of the defendant was not traversed, and upon that amended answer the court held he was not liable to be ruled as an attorney at law of the plaintiff for the $200 00 received from Elam; the plaintiff did not traverse the defendant's answer as to the $200 00 received from Elam, having already taken a rule absolute against him for the $900 00 received from Joiner, and it is therefore, in view of these facts, that the defendant's written agreement hereinbefore set forth becomes conspicuously significant as to the merits of the present suit for the $200 00 received from Elam. It is true that in that agreement the defendant reserved the right to insist in this suit that he was not originally liable to any greater extent than $900 00, the amount for which the rule absolute had been granted against him for the money collected from Joiner. The question that remained to be tried in the present suit, was whether the defendant was originally liable to the plaintiff for money received on the mortgage to any greater extent than the $900 00 received from Joiner, and for which the rule absolute had been granted. The jury, under the evidence, have found by their verdict that the defendant was originally liable to the plaintiff to a greater extent than $900 00, to-wit: the $200 00 received from Elam, and that this latter amount was not included in the judgment for $900 00.

2. The demand for the money in the hands of the defendant was made in pursuance of the provisions of the 3950th section of the Code, which makes an attorney at law liable to pay at the rate of twenty per cent. per annum for money in his hands, collected by him for his clients, from the date of the demand, " unless good cause be shown to the contrary." The request to charge was not in the language of the Code. The request was : " If the defendant, in good faith, refused to pay the money on demand of the plaintiff, believing that he was not liable for the amount or any part thereof, the jury may find only lawful interest, and are not compelled to find twenty per cent. from the time of the demand on the $200 00." The

statute is imperative and declares that the attorney at law *shall* be compelled to pay at the rate of twenty per cent. per annum from the date of the demand, unless good cause be shown to the contrary. What is the good cause attempted to be shown in this case? It is true that Colonel Hawkins, the plaintiff's attorney, states that until his memory was refreshed by looking at the transfer of the property and his own receipt for the money, that he thought that the $200 00 received by him from Elam, was his own individual money, and not the money of the plaintiff, his client. However honest Colonel Hawkins may have been in his opinion, and we are bound to take his statement as true, still, that was not, in our judgment, such good cause as is contemplated by the statute which will protect him from the payment of the twenty per cent. to the plaintiff. It will not do to hold that when an attorney at law collects money for his client, and that money is demanded of him under the statute, and he refuses to pay it, that he can protect himself when ruled or sued for the money, from paying the twenty per cent. thereon as the statute prescribes, because, in his opinion, or in his thoughts, the money was his individual money, and not the money of his client, however honest his opinion or thoughts may have been.

3. In relation to the point suggested on the argument here that the plaintiff in the mortgage was only entitled to the principal sum due on the mortgage, and could only collect that amount from his attorney, although he may have collected a larger amount, the certificate of the presiding judge to the bill of exceptions states that no such point was made as to the title of the plaintiff at the trial in the court below; and, as a matter of course, no such question was decided there which this court can review. There was no motion for a new trial in this case; no complaint that the verdict was contrary to the evidence or without evidence to support it; and if there had been, the result would have been all the same.

On the statement of facts contained in the record, let the judgment of the court below be affirmed.