SHEPHERD, HOOPER & COMPANY vs. CRAWFORD, executor *de son tort.*

1. No demand is necessary to the commencement of an action by a client against an attorney who has collected money for him and failed to pay it over, or against his legal representative, if he is dead. If it were sought to recover twenty per cent additional for withholding payment after written demand, such demand would then be necessary.
2. When it has been shown that money has gone into the hands of a party contracting to collect it, the *onus* of accounting for it is cast upon him.
3. Where a client brought suit against the representative of his deceased attorney for money collected by such attorney, and not accounted for, if the claim against the original debtor was barred by the statute of limitations, so that no recovery could be had against him in case of failure to recover against the attorney's estate, he would be a competent witness to prove that he had paid the amount of the claim to the deceased attorney.

November 20 1883.

Actions. Demand. Attorney and Client. *Onus probandi.* Witness. Before Judge FAIN. Bartow Superior Court. January Adjourned Term, 1883.

Reported in the decision.

AKIN & AKIN, for plaintiffs in error.

TRIPPE & NEEL; W. K. MOORE, for defendant.

HALL, Justice.

The plaintiffs instituted suit against the defendant, as executor *de son tort* of Michael J. Crawford, deceased, and set forth in their declaration that they had employed deceased, in his lifetime, as an attorney at law, to collect a claim by note made to them by one Gilliam. This note was due in 1874; that deceased had collected the same, and failed to account to them for the amount. On the trial, they proved the execution of the receipt of deceased for

the note, and gave it in evidence; they also proved by Gilliam that he had paid the same to deceased. Defendant objected to the testimony of Gilliam, because his testator, the other party to the transaction, was dead, and because he was the attorney both for the plaintiffs and Gilliam in this transaction; this objection was overruled. Plaintiffs having closed their testimony, defendant moved to non-suit them, which motion was sustained, but upon what ground does not distinctly appear from the record or the judgment of the court awarding the non-suit. To this judgment the plaintiffs excepted, and bring the same here by writ of error and bill of exceptions.

1. The defendant filed a cross bill of exceptions, in which he assigns error upon the ruling admitting Gilliam's testimony over his objections. The only plea filed was the general issue; there was no question made as to the character in which defendant was sued; in fact it was admitted that he was the executor *de son tort* of Michael J. Crawford, and had in hand a sufficiency of his assets to pay this claim, in the event it was established.

It is said in argument here, that the non-suit was awarded because the evidence failed to show that M. J. Crawford, in his lifetime, and the defendant since his death, had not paid over the sum collected for plaintiffs; and because it was neither alleged nor proved that a special demand for the money thus collected had been made either upon the deceased or, since his death, upon the defendant, prior to the institution of the present action.

Upon neither of these grounds, nor upon any other that occurs to us, can this judgment of non-suit be sustained. No demand is necessary to the commencement of an action, except in such cases as the law or the contract prescribes. Code, §3255. It is not intimated that the terms of this contract prescribe such a condition, and we are equally well satisfied that the law requires none.

It is the duty of an attorney at law, when he collects money for a client, to pay it over promptly, and if he fails

to do so, he is liable to a rule, and when a judgment is obtained against him for such default, and he fails to satisfy it within ten days from the time appointed in the order, he is to be removed from the profession. Code, §418, *sub-sec.* 2. If an attorney at law fails, upon application, to pay to his client any money he may have in hand, collected by virtue of his office, he may be served with a written demand for the same, and if it is not then paid, he can be compelled to pay at the rate of twenty per centum per annum upon the sum he has in his hands, from the date of the demand, unless good cause can be shown to the contrary. Code, §3950. If the penalty of twenty per cent for withholding payment is exacted, then a demand to secure that object is requisite, but no demand is necessary to sustain a suit to compel an account for the money actually collected. 56 *Ga.*, 571–576; 57 *Ib.*, 525–528.

2. The other ground upon which the court put its judgment is equally as untenable. When it is shown that money has gone into the hands of a party contracting to collect it, the *onus* of accounting for it is then cast upon him. There are very few cases in which a complainant is called upon to prove a negative, and certainly this case furnishes no exception to the general rule. The very question raised here is decided in 7 *Ga.*, 191, where it was held that in an action against a special agent, who collected money for his principal, it was not incumbent on the plaintiff to prove that he had not accounted for and paid it over.

3. Was the court right in admitting Gilliam's testimony, over defendant's objection? This depends upon the further fact of Gilliam's liability to the plaintiffs, in the event of their failure to recover against Crawford's executor. If he would have been liable over to them in that event, when he testified, as Crawford was dead, then, under the decision of this court at the present term, in the case of *Daniel vs. Burts,* he was incompetent to testify. But it is apparent from the record in this case that the plaintiffs' right to the

claim that had been given Crawford for collection was then barred by the statute of limitations. Even at common law this would render a witness competent, who would, without it, be excluded. 23 *Ga. R.*, 257. In *Flournoy & Epping vs. Wooten, administrator,* and *Wooten, adm'r, vs. Flournoy & Epping,* this court, at its present term, held that a witness competent to testify at common law was not rendered incompetent by reason of the exception contained in the evidence act of 1866 (Code, §3854, par. 1), relative to parties to the suit or contract, etc., where the opposite party was dead.

The decision of the court excepted to by the defendant is affirmed. The non-suit awarded in the case, and excepted to by the plaintiffs, was error, and that judgment is reversed.