### 12491. EDWARDS *et al. v.* WALL *et al.*

1. Under the answer of the Supreme Court to questions certified to it by this court, the motions of the defendants in error to dismiss the bill of exceptions, upon the ground that the record does not show service or a proper acknowledgment of service upon them, must be denied. *Edwards* v. *Wall,* 153 *Ga.* 776 (1-6) (113 S. E. 190).

2. In accordance· with another ruling there made the twenty per cent. penalty, recoverable from attorneys at law or other officers of court under sections 5343 and 5344 of the Civil Code (1910), in cases of moneys collected by them, where the statutory demand has been made and proved in the manner provided, " applies as well to actions at law by clients to collect such moneys as when such attorneys are ruled therefor." *Edwards* v. *Wall,* supra. It was therefore error to exclude from evidence the statutory demand and notice of the plaintiffs to the defendants.

3. " When it has been shown that money has gone into the hands of a party contracting to collect it, the onus of accounting for it is cast upon him." *Shepherd* v. *Crawford,* 71 *Ga.* 458 (2); 6 Corpus Juris, 707. In the instant suit, brought against the surviving alleged member of an alleged law partnership and the executors of a deceased alleged member for the recovery of an alleged collection of a claim of the plaintiffs, the burden, therefore, was not upon the plaintiffs to show that the defendants had not accounted to them for the moneys shown by the plaintiffs' evidence to have been collected by the deceased alleged partner, but was upon the defendants to show that an accounting had been made with the plaintiffs.

4. Under the rule set forth above, and under the evidence submitted in the court below, the granting of a nonsuit was erroneous.

DECIDED SEPTEMBER 27, 1922.

Complaint; from Ben Hill superior court — Judge Gower. April 2, 1921.

*A. J. & J. C. McDonald,* for plaintiffs.

*Quincey & Rice, Jesse Grantham, D. E. Griffin,* for defendants.

JENKINS, P. J. This is a suit by M. H. Edwards and T. H. Edwards against Elkins & Wall as a firm of lawyers, to whom, it is alleged, certain notes owned by the plaintiffs were turned over for collection. The petition sets forth that, while a portion of the proceeds collected had been paid over to them by Elkins, an alleged balance had not been accounted for by the partnership

It appears, from the evidence for the plaintiff' that the notes were, through another lawyer, delivered in person to Elkins; and from the evidence of the debtor it is shown, without dispute, that the money called for by the notes was paid by him to Elkins. Wall alone defended the suit, and he set forth as a part of his

defenses that the claim in question had not been turned over to the partnership of Elkins & Wall which for a time existed, but that the notes were delivered to Elkins in an individual and friendly transaction between him and another lawyer representing the plaintiffs, and that Wall had never heard of the collection of these notes until more than two years after the dissolution of the partnership. The defendant Elkins died pending the litigation, and his executrices were made parties defendant thereto. The contention stated in the brief of counsel for the defendant Wall, other than as is disposed of by the first three headnotes, is that " the burden in this case was on the plaintiff to show by proof that the notes were delivered to the firm of Elkins & Wall, or some member thereof, at a time when the firm was in existence, or, failing to do that, then to prove that the money was collected by the firm. The plaintiff failed to prove either of these things, and therefore the court was correct in granting a nonsuit." There was introduced in evidence a letter to the plaintiffs, dated May 25, 1912, written on stationery of the firm commencing as follows: " O. H. Elkins — Joseph B. Wall — Elkins & Wall, Attorneys at Law, Fitzgerald, Georgia. Messrs. M. H. & T. H. Edwards, Eastman, Ga. Gentlemen: We are in receipt of your letter addressed to our Mr. Elkins with reference to the claim in favor of yourself against Mr. Lon Dickey, which claim was turned over to us for collection by Col. Hal Roberts. We have not entered suit, and have been trying to make collection without suit." In the course of this letter the further statement is made: " We have written you fully about the matter, so that you can discuss it with Col. Roberts and advise us about it. Unless advised to the contrary, we will institute suit in accordance with a notice this day given, a copy of which we hand you herewith." This letter is signed " Elkins & Wall," and it was admitted in open court by counsel for Mr. Wall that the letter was signed in the firm name by him.

Without anticipating the evidence which may appear on a retrial, and without holding that the contention of counsel above quoted expresses with completeness the rules of law applicable to such a case, we do think that, upon proof of either of the propositions set forth by them, liability by the members of the partnership would attach, in the absence of any sufficient reason to the contrary which might be proven. It therefore follows that, under

the statements contained in the letter quoted, and the admission made with reference to its authorship, the jury would have been authorized to find "that the notes were delivered to the firm of Elkins & Wall, or some member thereof, at a time when the firm was in existence;" in view of which, and in view of the ruling stated in the 3d headnote, the action of the judge in granting a nonsuit must be held to have been erroneous.

*Judgment reversed. Stephens and Bell, JJ., concur.*