*Morris Macks,* for plaintiff in error.
*Walter G. Cooper Jr., Alexander & McLarty,* contra.

## 22058. STANFIELD v. GRAMLING, SPALDING & COLLINGSWORTH.

DECIDED AUGUST 20, 1932.

*P. M. Anderson,* for plaintiff in error.

*John P. Rabun, H. H. Elders,* contra.

SUTTON, J.  Gramling, Spalding & Collingsworth, a corporation, by petition for a money rule against Stanfield, an attorney at law, alleged that it had placed in his hands for collection an account against one Wood, and that the defendant collected the same and failed and refused, after legal demand, to pay over to it the money collected.  The defendant admitted that he had collected a portion of the account, but set up that he had remitted to the plaintiff the amount collected.  On this issue the case came on for trial, and the jury returned a verdict in favor of the plaintiff.  The defendant made a motion for new trial, which was overruled, and to this judgment he excepted.  On the trial the plaintiff offered the debtor as a witness.  He testified that he paid the claim in full to the defendant.  This cast the burden on the defendant to account for these funds.  *Merchants Bank* v. *Rawls,* 7 *Ga.* 191 (50 Am. D. 394); *Shepherd* v. *Crawford,* 71 *Ga.* 458 (2); *Edwards* v. *Wall,* 29 *Ga. App.* 107 (3) (114 S. E. 63).  The defendant then testified that the debtor had made him two payments on this claim by check, and that he had remitted to the plaintiff the amount thereof, less his fee.  He introduced in evidence a copy of his letters remitting these funds, together with his canceled checks, showing indorsement by the plaintiff.  He further testified that the debtor gave to him a check for the remainder of this account, which check was returned to him because the debtor did not have funds in the bank to meet it, and that he had never been able to get it paid.  He introduced this check in evidence, the same showing that it had been put through the bank for collection several times, but had never been marked paid.  The plaintiff did not offer any evidence in rebuttal of the showing made by defendant, and did not deny that it had received these payments.  In these circumstances, we are of the opinion that the defendant carried the burden cast upon him to account for these funds.  There being no evidence by the plaintiff that it did not receive these payments, a verdict in its favor was not authorized, and the court erred in overruling the motion for new trial.

*Judgment reversed.  Jenkins, P. J., and Stephens, J., concur.*