Bell vs. Brown, Sheriff.

SILAS BELL, plaintiff in error, vs. JOHN F. BROWN, Sheriff, defendant in error.

The jurisdiction of a rule against a Sheriff, to account for *tax fi. fas.* placed in his hands, lies in the Inferior Court, and not in the Superior.

Rule against Sheriff, in Cass Superior Court. Decision by Judge CROOK, at March Term, 1859.

This was a rule taken out by Silas Bell, tax collector, against John F. Brown, former Sheriff of Cass county, to show cause why he had not, or should not pay to movant, the amount due on certain tax executions, placed in his hands for collection. The receipts of the Sheriff were attached, showing that tax *fi. fas.* from Bell, amounting to

Bell vs. Brown, Sheriff.

$365 65½ principal; $107 66 interest and cost. Receipts dated 8th January, 1853.

In answer to the rule, the respondent, Brown, stated that while Sheriff of said county, he received from Bell the tax *fi. fas.* mentioned, not for the purpose of collection, but under an express agreement that he should hand them over to the different constables throughout the county, to be by them collected; and further, that most of the defendants in said *fi. fas.* were either insolvent, or had run away or died, leaving no property upon which to levy; that he had complied with the agreement between himself and Bell, and had never received any thing on said *fi. fas.* except a few dollars paid to him since he was served with the rule.

At the hearing, the Court dismissed the rule, and counsel for movant excepted.

GLENN & COOPER, for plaintiff in error.

RICE, contra.

*By the Court.*—STEPHENS J. delivering the opinion.

Without considering at all whether the movant's case was well answered by the defendant, it is sufficient to say that we are not aware of any law which gives the Superior Court jurisdiction in such a case. None was even suggested in the argument, and from the hasty review which our limited time allowed us to make of the statutes relating to this subject, we find this jurisdiction vested in the *Inferior* Court, *(Cobb's Digest, page* 1053*)* and do *not* find it vested in the Superior Court. We think, therefore, the Judge did right in discharging the rule.

Judgment affirmed.