A. J. SMITH, plaintiff in error, *vs.* M. H. BUSH, defendant in error.

1. The answer of an attorney at law, made to a rule against him for not paying over money collected for his client, is traversable, and the traverse is to be tried by a jury.

2. The verdict, on the special issue presented, is sufficiently supported by the evidence.

3. The client has his option to enforce the rule absolute against his attorney, by attachment or by *fieri facias.*

4. Where demand, as preliminary to the rule *nisi,* seems not to have been controverted in the court below, the sole point of the answer being a denial that the money was collected, and the answer being found by the jury to be untrue, the judgment making absolute the rule will not be disturbed because the record contains no evidence of demand.

Attorney and Client. Rule. Practice in the Superior Court. Attachment. Contempt. Demand. New Trial. Before Judge CLARK. Webster Superior Court. September Term, 1876.

Bush moved a rule against Smith requiring him to show cause why he should not pay over an amount of money collected by him, as movant's attorney, on a note made by one King, placed in his hands for collection. Smith answered, in substance, as follows: Admits that the note was placed in his hands by movant, for collection, he then being a practicing attorney. Admits the collection of $60.00 on the claim, but avers that such sum was paid over to movant. Asserts that such amount is all that he has ever collected from King, over and above reasonable attorney's fees. At the time of this payment respondent informed movant of a promise by King to pay the balance due on the note, and received instructions to indulge him. Shortly thereafter King absconded from the state, without making any further payment, and by instructions of movant, respondent placed the note in the hands of an attorney in Alabama, for collection. He is advised that such attorney has made no other collection.

This answer was traversed by the movant, and the issue thus formed, submitted to a jury.

Movant testified, in substance, as follows: The note was placed in the hands of Smith for collection, in 1866. He had learned that Smith had bought lands from King, and

owed him some $1,500.00. This fact led witness to place the note in Smith's hands, believing he would have no trouble in saving the debt for him. Smith paid him $60.00, saying he would retain $2.50, which he had over that amount, for his fee. He never authorized Smith to send the note to an attorney in Alabama, and knew nothing about it for some time after King had gone. Smith stated that he could save the debt for him.

King deposed that in the settlement of the land matter between himself and Smith, the entire amount due on the note to movant, was paid.

Smith testified substantially as the facts are set forth in his answer.

Jones, the Alabama attorney to whom Smith sent the note, deposed that King was insolvent; that the money was never collected by him, and that the note was lost in his office.

The jury found the issue in favor of the movant. The court thereupon ordered a rule absolute to issue against the respondent, requiring him to pay the amount collected within five days, and directing, in default thereof, that he be attached.

Respondent moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict, and the rule absolute, predicated thereon, are illegal, for the reason that the proceedings on the rule should have been determined by the court and not by the jury.

2d. Because, according to the evidence, this was not such a case as would justify a rule against an attorney, it appearing that the contract under which respondent took the note for collection, was to save the same for movant by retaining that amount out of the debt he owed King for the land, and not as an attorney at law to collect the same.

3d. Because the verdict was contrary to the evidence.

4th. Because the answer of respondent having denied

that he had collected the money, it was not competent to traverse the same, but movant was remitted to his action at law.

5th. Because said rule absolute is void as it provides for an attachment for contempt, whilst the law provides another and different mode of enforcement.

The motion was overruled, and the respondent excepted.

HAWKINS & HAWKINS; THOMAS H. PICKETT, for plaintiff in error.

GUERRY & SON, for defendant.

BLECKLEY, Judge.

1. When an attorney at law is ruled for not paying over money collected, his answer to the rule is traversable; and the issue thus formed is for trial by a jury. Code, §§ 3950, 3953, 3954.

2. The verdict is not without sufficient evidence to support it, on the special matter put in issue by the answer and the traverse.

3. An attorney at law is an officer of court, and a rule absolute against him may be enforced by attachment for contempt, or by execution against his property, at the option of the plaintiff. Code, §3956.

4. Where the record is silent as to demand upon the attorney for the money before the rule was brought, and no point on demand seems to have been made in the court below, and where the sole cause shown by the answer against making the rule absolute was, that the money had not been collected, and the answer has been found untrue by the jury, the judgment making the rule absolute will not be disturbed because no evidence of demand is in the record. In respect to the $60.00 admitted to have been collected and paid over, there was no recovery had or contended for.

Judgment affirmed.