SHEFFIELD, sheriff, *vs.* THE STATE OF GEORGIA.

1. No power is given to the judge of the criminal court of Decatur
county by the act creating that court to attach a sheriff of another
county for failure to execute a criminal warrant issued by him.
(*a.*) If the general act creating county courts could be invoked, no
such power is given thereby.
2. A sheriff cannot be ruled out of the county of his residence for

failure to execute a criminal warrant therein. Whether an attachment be a civil or criminal proceeding, the county of his residence is the proper venue of the case. Constitution, art. VI., sec. XVI., par. 6; 17 *Ga.,* 187.

(*a.*) *Semble,* that upon a proper proceeding by information to the court of the county of the sheriff's residence, and after a hearing, he might be compelled by proper penalties to perform his duty, if he be neglecting it. Code, §§269, 361.

September 26, 1882.

CRAWFORD, Justice.

[Certain parties, alleged to be residents of Miller county, were charged with misdemeanors in the county court of Decatur county, and warrants issued for them and placed in the hands of the sheriff of Miller county. Upon his failure to arrest the parties, the judge of the county court of Decatur county issued an attachment *nisi,* requiring him to show cause why he should not be attached for contempt. He answered, among other things, that he was the sheriff of Miller county, and that the county judge of Decatur county had no jurisdiction over him. The county judge fined him, and upon *certiorari* the superior court sustained the ruling. The sheriff excepted.]