## HAYGOOD v. HADEN.

1. The right to enforce payment of money by rule is penal in its nature, and must be strictly construed.
2. The right to rule an attorney, for money alleged to be in his hands as such, depends upon the existence of the relation of attorney and client, and is limited to the client.
3. Associate counsel can not by rule enforce a contract for the equal division of fees; and where a proceeding was brought by the defendant in error

against the plaintiff in error, alleging that they were associate counsel, and seeking by rule to enforce such an agreement, a demurrer thereto should have been sustained.

4. In *Smith* v. *Goode,* 29 *Ga.* 185, there was no attempt to enforce the remedy now incorporated in the Civil Code, § 4416 ; but the motion was ancillary to a bill then pending, to which the clients were parties, and amounted to the summary enforcement of the lien of attorneys against money of the client then in the hands of an officer of the court.

Argued January 16, — Decided February 12, 1904.

Rule.　　Before Judge Littlejohn.　Macon superior court.　May 12, 1903.

Haden brought a petition in Macon county, alleging that on the 26th of July, 1900, he delivered to Haygood a number of papers and documents in the matter of a claim of Wilson, involving certain real estate in Irwin County ; that these papers were receipted for by Haygood as attorney at law, and received under an agreement between himself and Haygood that the fees in the case should be divided equally ; that the suit was brought in Irwin county, and the plaintiff recovered ; that Haygood collected the fees, and now has in his hands $300, being the portion belonging to plaintiff ; and that demand has been made on Haygood and payment thereof refused.　Haden thereupon asked for a rule nisi, calling upon Haygood to show cause why he should not pay over the money aforesaid, or, in default, be attached for contempt. Haygood demurred on the grounds, that the petition set out no cause of action ; that the plaintiff's remedy was by action at law, and that the relation of attorney and client did not exist between plaintiff and defendant, and therefore defendant is not subject to a rule, there being no law authorizing one attorney to rule another attorney to determine a divison of the fees.　The judge overruled the demurrer, and Haygood excepted.

*Eldridge Cutts,* for plaintiff in error.
*C. J. Haden* and *J. A. Edwards,* contra.

LAMAR, J.　Attorneys who retain in their hands the money of their clients are liable to rule.　Civil Code, § 4416.　The remedy is penal in its nature, and must be strictly construed.　Banks *v.* Cage, 1 Howard (Miss.), 293.　The right grows out of the relation of attorney and client, and the remedy is expressly limited to the client, not being available to the client's ·assignee.　Nor

can the attorney rule the client, though the latter has possession of the fund created by the counsel's services, and for which he has a lien. *Whittle* v. *Newman,* 34 *Ga.* 378. Nor is a rule intended as a means of enforcing the attorney's lien. Ibid. Here the proceeding was brought by one attorney against his associate, for the purpose of compelling a division of the fee collected, there being between counsel an agreement that it should be equally divided. The client is not proceeding, and it is not alleged that the defendant " retained the money of the client," so as to bring the case within the terms of the Civil Code, § 4416. Nor is the case within the provisions of the Civil Code, § 4047, par. 4, that " every court has power . . to control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." For here not only had the litigation ended, but the rule was instituted in the superior court of Macon county, whereas the suit in which the collection is alleged to have been made was prosecuted and terminated in Irwin county.

The only authority relied on by the defendant in error to support the proposition that one attorney can rule another for his fee is what was said in *Smith* v. *Goode,* 29 *Ga.* 185. That case was decided before the code, and is apparently opposed to the ruling in *Whittle* v. *Newman,* 34 *Ga.* 377, in so far as it permits anything in the nature of a rule by the attorney against the client. But the facts there were essentially and materially different from those in this case. That was in a proceeding in equity still pending, and the motion was treated as ancillary to the main bill. The money was still the property of the client. The attorney holding the same had never refused to deliver the fund to the client or to the associate counsel. He was not in contempt, nor had he done any act warranting the summary and drastic remedy provided for by the Civil Code, § 4416. Nor did he resist the motion to distribute, nor the right of the associate thus to collect the fee. The clients were made parties and alone made a defense. An analysis of the decision will show that the court, during the pendency of the bill in equity, in effect allowed the attorneys a speedy and summary enforcement of their liens on the fund raised by the litigation, and then in the hands of one of the counsel, who was willing to surrender the same to the clients or to

associates as directed by the chancellor after notice and an opportunity to the real parties to be heard.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent, and Fish, P. J., disqualified.*