## HADEN *v.* LOVETT.

1. Where suit was instituted to recover a money demand, and the fee of the attorney for the plaintiff was to be one half of the recovery, which half was conveyed to him by his client, and such attorney employed another attorney to render services in obtaining a judgment in such suit and collecting the same, for which services the former agreed to pay the latter, who collected such judgment and refused to pay the attorney employing him one half of such collection, *held:* The attorney · making such collection is not subject to be ruled by the attorney employing him, for his refusal on demand to pay the latter his fee of one half of such collection, less the fee due the former for the services he rendered.

2. Where two persons employ an attorney to institute a suit for them for the collection of a debt due them, and the attorney brings the suit and makes the collection, and one of the plaintiffs in such suit files a petition alleging that one half of the collection belongs to him, and asks for a rule against the attorney because of his failure on demand to pay the petitioner such half, less one half of the fee due such attorney for his services, it is error to dismiss the petition on the ground "that plaintiff's remedy under the facts is not one by rule, but by action at law."

Argued June 9,—Decided October 12, 1909.

Rule. Before Judge Ellis. Fulton superior court. November 24, 1908.

*W. W. Haden* and *J. F. Daniel,* for plaintiff.

HOLDEN, J. 1. W. W. Haden filed a petition for a rule nisi against Lovett as an attorney, to require him to show cause why he should not be attached for contempt for failure to pay over money belonging to Haden. The rule nisi was issued, and the court passed the following order: "On motion of ·defendant, it is ordered that the within petition be and the same is dismissed, on the ground that plaintiff's remedy under the facts is not one by rule, but by action at law." The petition is based on two separate transactions between the plaintiff and the defendant. The one set forth in the

first eleven paragraphs is stated substantially as follows: Haden was employed by one Cook to recover certain property and money, Haden to receive for his compensation as attorney one half of such property and money, and took from Cook a conveyance of such one half. Haden as attorney for Cook filed suit, and did recover said property and money. Haden employed Lovett, an attorney at law, to render for him certain services in obtaining the judgment in the case and in the collection of the money, for which services Haden was to compensate Lovett in money. The sheriff collected a fi. fa. issued in the case, and, on March 28, 1903, paid over to Haden's attorney, Lovett, the full amount of the proceeds, of which one half, namely, $326.39, belonged to Haden. Haden agreed that Lovett should have $100 for his services, and demanded the balance, amounting to $226.39. Lovett paid Haden only $25, saying it was all he had, and promised to pay the residue, but has failed and refused to do so.

The case of *Haygood* v. *Haden,* 119 *Ga.* 463 (46 S. E. 625), was one in which Haden delivered to Haygood as attorney at law certain papers involving a claim to real estate, which Haygood received with the understanding that fees in the case should be divided equally between himself and Haden. A recovery was had, and Haden sought a rule nisi against Haygood as attorney to show cause why he should not pay over to Haden $300, which the latter claimed as his portion of the fees. A demurrer to the petition was overruled, and the case brought to this court. Reversing the case on the ground that the demurrer should have been sustained, this court held that the right to rule an attorney for money alleged to be in his hands as such depended on the existence of the relationship of attorney and client, and was limited to the client. It was also ruled: "Associate counsel can not by rule enforce a contract for the equal division of fees; and where a proceeding was brought by the defendant in error against the plaintiff in error, alleging that they were associate counsel, and seeking by rule to enforce such an agreement, a demurrer thereto should have been sustained."

In the present case the relation of attorney and client existed between Haden and Cook. Haden contracted with Cook to recover certain lands and money upon a contingent fee of one half of the recovery. He took from Cook a conveyance of such half. But Haden was not to have and could not have this half unless it was

recovered for Cook in the suit in which Cook was the sole plaintiff. Haden was interested in the suit, but no recovery was sought therein on his behalf. Because he employed Lovett to render his services in obtaining the judgment and collecting the money sued for, Haden had no right to rule Lovett for failing to pay over to Haden any of the money thus collected, notwithstanding Lovett was employed by Haden to render such services for the latter, by whom he was to be paid therefor. Lovett was not employed by Haden to collect Haden's fee of one half of the recovery, but to obtain judgment for Cook and make a collection thereof. Lovett was simply an associate counsel with Haden for the plaintiff in the case in which Cook was the only party plaintiff; and where one of such associate counsel collects money for the client which both purport to represent, and fails to deliver to the associate counsel his part of the fee, the latter can not rule the former for failure to account to him for his portion of the fee. Civil Code, §4416, is as follows: "Where attorneys retain in their hands the money of their clients after it has been demanded, they are liable to rule (and otherwise) as sheriffs are, and incur the same penalties and consequences." It was never intended that the word "client" as used in this section should embrace one attorney who employed another to assist him in rendering services in litigation in which the former was no party and was only interested by reason of his having a fee in such case contingent upon his winning it. The section is penal in its nature, and must be strictly construed.

2. The remaining allegations of the petition set forth another transaction substantially as follows: Haden and Cook employed Lovett to institute a suit for recovery of certain rents, in which suit a judgment was rendered against the defendant therein for $100 principal, with interest and costs. Lovett accepted $80 in satisfaction of the judgment on August 31, 1905, one half of which belonged to Haden. Lovett was to receive $20 fee, of which Haden and Cook were each to pay one half. Lovett paid petitioner only $10, stating it was all he had or could get. Lovett owes petitioner $20 of the money collected Aug. 31, 1905, which petitioner has demanded and which Lovett fails and refuses to pay. These allegations show that Haden and Cook employed Lovett to recover the rents referred to, and it was in this suit that Lovett recovered money belonging to Haden and Cook. Under such circumstances,

the relation of attorney and client existed between them; Lovett was attorney for both Haden and Cook; and therefore it was error to dismiss the petition of Haden for a rule against Lovett as an attorney, "on the ground that the plaintiff's remedy under the facts is not one by rule, but by action at law."

<em>Judgment reversed. All the Justices concur.</em>