## 7830.   CLARK *v.* HILLIARD.

BROYLES, P. J.   1. All civil cases, with certain exceptions, shall be tried in the county wherein the defendant resides. Article 6, section 16, paragraph 6, of the constitution of Georgia; Civil Code of 1910, §§ 6543, 5526. The exceptions mentioned are: divorce cases, cases respecting titles to land, equity cases, suits against joint obligors, joint promisors, copartners, or joint trespassers, and suits against the maker and indorser of a promissory note, or drawer, acceptor, and indorser of a bill of exchange. Civil Code of 1910, §§ 6538, 6539, 6540, 6541, 6542, 5527, 5528, 5529, and 5530.

2. A proceeding by a money rule is a suit, within the meaning of sections 5526 and 6543 of the Civil Code. *Roberts* v. *Keeler,* 111 *Ga.* 181 (36 S. E. 617); *Barrett* v. *Pulliam,* 77 *Ga.* 552 (4).

3. The right to rule an attorney for money alleged to be in his possession as such attorney is penal in its nature and must be strictly construed. *Haygood* v. *Haden,* 119 *Ga.* 463 (46 S. E. 625).

4. Where attorneys retain in their hands money from their clients after it has been demanded, they are liable to rule as sheriffs are. Civil Code of 1910, § 4954.

(a) A sheriff is not liable to be ruled outside the county of his residence. *Kellogg* v. *Buckler,* 17 *Ga.* 187 (4) ; *Sheffield* v. *State,* 69 *Ga.* 730 (2).

5. This was a rule nisi issued by the judge of the city court of Savannah, requiring the defendant, an attorney at law, to show cause why he should not pay over to his client a certain sum of money which the client claimed the attorney had collected and refused to pay over to him. The defendant filed his plea to the jurisdiction of the court, alleging that he was not a resident of the county of Chatham, but was a resident of the county of Effingham, and that the courts of the latter county had full jurisdiction of the subject-matter of the suit and the person of the defendant. It was conceded that the defendant was a resident of Effingham county, Georgia. It appears that he had an office in the city of Savannah, and was an attorney practicing in the city court of Savannah, and that the controversy between him and his client arose out of an alleged failure to pay over money collected in settlement of a case brought in the city court of Savannah. Under the rulings stated above, the court erred in overruling the defendant's plea to the jurisdiction.

　　　　　*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*
　　　　　DECIDED MARCH 19, 1917.

Money rule; from city court of Savannah—Judge Freeman. September 7, 1916.

*H. B. Strange, Don. H. Clark,* for plaintiff in error.
*W. R. Hewlett,* contra.