## 10069.  WEST, administratrix, *v.* HILL & ADAMS.

JENKINS, J.  1.  "Where attorneys retain in their hands the money of
their clients after it has been demanded, they are liable to rule (and
otherwise) as sheriffs are, and incur the same penalties and conse-
quences."  Civil Code (1910), § 4954.  The judge having jurisdiction
of the application may grant a rule nisi thereon against the attorney
subject thereto (Civil Code, § 5346) ; and upon such rule nisi being
granted, the attorney should respond in writing under oath, and if
such answer is not denied the rule will be discharged or made absolute
according as the court may deem the answer sufficient or not; but if

the truth of such answer be traversed by the movant of the rule, the issue thus made should be tried by a jury. Civil Code (1910), § 5347.

2. Such summary remedy to enforce the paying over of money belonging to a client, wrongfully withheld by his attorney, is penal in its nature (*Haygood* v. *Haden*, 119 *Ga.* 463, 46 S. E. 625), and is not intended to be employed where under all the proper pleadings the question at issue is not the dereliction of the attorney in wrongfully withholding funds belonging to his client, but where the issue lies wholly in the proper construction of an admitted contract, under the terms of which the defendant might apparently have a valid and just claim to the funds sought to be recovered. 6 C. J. 711, §§ 264, 270; State of Texas *v.* White, 10 Wall. 483 (19 L. ed. 992). The rule is otherwise where an attorney seeks, in opposition to the explicit terms of his agreement, to withhold a sum not authorized thereby (*Alfred Struck Co.* v. *Slicer*, 23 *Ga. App.* 52 (97 S. E. 455), or where in withholding funds belonging to his client he acts merely upon his own honest misapprehension of the facts. *Hawkins* v. *Smith*, 56 *Ga.* 571 (2).

3. The court did not err in refusing to allow the movant to amend her petition, since by the proposed amendment she sought to add to or vary by parol the terms of the unambiguous written contract, under which the respondent claimed the funds in question.

4. Since, under all the pleadings entered under the rule, including the traverse to the respondent's answer, there was no issue for determination by a jury by virtue of which the respondent could be held liable under the rule, unless the court should construe the contract adversely to the reasonable contention relied upon by the attorney, the court did not err in dismissing such quasi-penal proceeding "without prejudice to the right of movant to sue and adjudicate the questions at issue in any court having jurisdiction thereof."

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED APRIL 19, 1919.

Rule; from Fulton superior court—Judge Ellis. July 24, 1918.

Mary Lou West, administratrix of the estate of J. Oscar West, employed Hill and Adams, as attorneys at law, to collect from the Southern Railway Company a claim for damages on account of the death of J. Oscar West, and signed a paper giving them authority for that purpose, a part of which is as follows: "Therefore you are directed to collect damages or any amount of money to which I am entitled as administratrix. . , either by suit or settlement, and in consideration of such services I hereby agree to pay the said Hill and Adams ten per cent. of all money collected or recovered in case of settlement without litigation after suit is filed, if litigated 25 per cent., as the case may be. The eventual and final disposition of the said business to be in accordance with the better judgment of my said attorney and with my approval." Suit was accordingly brought by these attorneys, and on June 19,

1918, they settled the case for $7,500, the railway company paying them that amount in settlement. In her petition to the superior court for a rule against them, the plaintiff sets out these facts, with a copy of the paper mentioned above, and alleges: Said Hill and Adams still have said sum of $7,500 in their possession. On June 20, 1918, petitioner made a demand on them for payment of $6,750, being the amount collected by them less 10 per cent. to which they were entitled as a fee under their contract for services; but they refused and still refuse to pay said sum. On June 20, 1918, they mailed to her a check for $5,650, with a letter stating that this was her part of the money received in the settlement of the case. The petitioner alleges that under the terms of the said contract the said attorneys were to have received 10 per cent. of the sum realized from the suit by settlement, but they withheld 25 per cent. of that sum. She has not cashed the said check, because it is marked in settlement of the case. She prays that a rule be issued requiring the said attorneys to show cause why they should not pay over the money, or in default thereof be attached for contempt.

In their answers to the rule the respondents say that the case was litigated, and that under the contract referred to in the petition they are entitled to 25 per cent. of the $7,500 collected in the settlement; that immediately after they had filed the suit they made an effort to settle the claim but could not procure a satisfactory settlement, and the railway company filed a demurrer and an answer to the suit, that to meet the demurrer they prepared and served an amendment to the plaintiff's petition, and the railway company amended its answer; that witnesses for the plaintiff were subpoenaed to attend the trial of the case, and testimony of non-resident witnesses was taken for the plaintiff, the said Adams going to Birmingham, Alabama, for that purpose, and that the settlement was made after the case had thus become a litigated case and had been on the trial calendar of the court for several weeks. The respondents demurred generally and specially to the petition for the rule, and contended, among other things, that on a petition for a rule the court was without jurisdiction to construe a contract; that while this is a proper remedy to force an attorney to pay over money belonging to a client, it cannot be employed in an effort to collect a contested claim.

An amendment to the petition for the rule was offered, in which it was alleged: that the contract referred to in the petition was prepared by the respondents, and they stated to the petitioner, when she inquired as to what meaning would be put on the word "litigation" therein, that it meant trial, and that the meaning of the contract was that their fees in the case would be 10 per cent. of the amount received by settlement if the case was settled before trial; that being thus assured as to the meaning of the contract, she signed it with this understanding; and that afterwards interrogatories were prepared and evidence was taken, the expense of which she paid upon the express construction placed on the contract, and upon the consideration, and the statement of the respondents, that she would not be required to pay more than 10 per cent. of the amount received if the case was settled before a trial was had before a jury. The amendment was disallowed.

The plaintiff filed a traverse to the answers, and while admitting therein that the case was settled after suit was filed, she denied that the case was litigated. The court refused to submit the case to a jury, and sustained the demurrer to the answers, and ordered that the rule be discharged "without prejudice to the right of the movant to sue and adjudicate the questions at issue in any court. having jurisdiction thereof." The plaintiff excepted to each of the rulings stated.

*George F. Gober, D. K. Johnston,* for plaintiff.
*C. T., L. C. & J. L. Hopkins,* for defendants.