## 10532. Cox *v.* Harrison.

BLOODWORTH, J. The judge who heard this case •did not err in disallowing the proffered amendment to the petition, and in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 9, 1919.

Rule; from Fulton superior court—Judge Bell.   March 24, 1919.

The petition of Cleveland Cox for a rule against Fred E. Harrison, an attorney at law, was dismissed on motion of the defendant on the ground that it failed to show that the relationship of attorney and client existed between them.   The petition in substance alleges:   Fred E. Harrison, the defendant, is an attorney at law, practising as such at the Atlanta bar.   On March 4, 1919, petitioner was arrested and confined in the city prison of Atlanta on the charge of having possession of intoxicating liquor.   On being locked in a cell, after being at the station house about five minutes, the turnkey asked him if he wanted to see Mr. Harrison. He had never heard of Mr. Harrison before, but, believing that Mr. Harrison might be a bondsman, he replied that he did.   In a few minutes Fred E. Harrison appeared with the turnkey and asked how much bond they wanted.   The turnkey replied, "$500." Harrison asked petitioner how much money he had, and he replied that he had $200.   Harrison said to him that if he would turn over the $200 to him, he had a man outside in front who would put up the other $300, making the $500 cash bond, and have him turned out immediately.   On this statement petitioner turned over the $200 to Harrison for the purpose stated, believing Harrison to be a bondsman; and Harrison left and petitioner was locked back in the cell.   Harrison returned to him and told him that the bondsman was on the way to the station house, and that he could not be released unless he signed a certain paper, which was as follows: "This is to certify that I have this day retained Mr. Fred E. Harrison" and another person named, "to be my attorneys at law in representing me in the case of which the officials arrested me on this day, that is to say for having whisky in my possession.   I have paid the said firm $200 as a retainer with the understanding that out of this $200 they get me out on bond.   Just as soon as they can communicate with their bondsmen, and keep out until

bond is clear up. This $200 is given freely and voluntarily for a fee and bond. This March 5, 1919." Petitioner signed this paper, believing it was necessary, to obtain his release through cash collateral as represented by Harrison, and not understanding "the wording of the paper," and Harrison being highly recommended to him by the turnkey who locked him up, and his intention being to deal with Harrison solely "to obtain his release as paid by him, that he would get from custody for appearance before the recorder's court for trial." After signing the paper he was again locked up and Harrison left. Harrison returned with E. L. Collier, a colored man, and petitioner and Collier signed an instrument called a bond for appearance, and "this released petitioner from custody." After his release he asked Harrison about his money and when he would get it back, and in the conversation said to Harrison that he did not need an attorney, that he was going to plead guilty; and he several times made the same statement to Harrison in conversations about the money. Harrison said to him that he would get his money back, but it would cost him that and more. Petitioner pleaded guilty, without representation before the recorder's court, on March 5th, and, after being required to give bond after commitment for trial by the recorder, went before the criminal court of Atlanta and there entered a plea of guilty and was fined $25 and paid the fine. "After the commitment trial at the recorder's court, petitioner making his own bond and security, Harrison had no further connection with the case, after petitioner's release from the station house on March 4th as aforesaid." The receipt given for the $200 reads as follows: "Received of Cleveland Cox $200 with understanding that the money will be bond and fee money. (Signed) Fred E. Harrison, March 5th, 1919." Petitioner put the receipt in his pocket without looking at it at the time. The petition alleges that the conduct of Harrison as aforesaid amounted to a fraud, that there was no such firm of attorneys as named in the paper signed by petitioner, and that no binding contract was made; that he had served written notice on Harrison, demanding the return of the $200, and Harrison refused to comply with the demand. He prayed for a rule against Harrison as an attorney at law, requiring him to show cause why he should not be required to return the $200 or stand in contempt of court. The court refused to allow an amend-

ment to the petition, as follows: "Said Fred E. Harrison, attorney at law, now claims the right to hold said money, $200, under color of right as attorney's fees, which right to hold same this plaintiff denies. If the signing of said contract created the relationship of attorney and client between this plaintiff and defendant, it is a fraud on this plaintiff, and he is entitled to his money back."

Citations by counsel: Civil Code (1910), §§ 4643, 4954, 5343, 4254, 4625; *Haygood* v. *Haden*, 119 *Ga.* 463. See *Knight* v. *Rogers*, 22 *Ga. App.* 308.

*S. C. Crane,* for plaintiff. *Benjamin H. Hill, H. A. Allen,* for defendant.