13768.  HILL & ADAMS *v.* WEST, administratrix.

PER CURIAM. 1. The petition was not subject to any ground, either
general or special, of the demurrer.
2. The plea of res adjudicata was properly stricken. See *West* v. *Hill
& Adams,* 23 *Ga. App.* 636 (99 S. E. 155).
3. No proper brief of evidence was transmitted to this court. What
purports to be a brief of the oral evidence consists of twenty pages,
containing many questions propounded to the witnesses and the an-
swers thereto, and apparently *all* of the *objections* made to the ad-
mission or the exclusion of evidence and the *rulings of the court there-
on.* Under repeated rulings of the Supreme Court and of this court
such a paper is not a proper brief of evidence, and no question in
the case dependent upon a consideration of the evidence can be con-
sidered by the reviewing court.

4. In view of the ruling made in paragraph 3 above, and the facts of this case, none of the grounds, either general or special, of the motion for a new trial requires another hearing of the case.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED MAY 17, 1923.

Complaint; from city court of Atlanta — Judge Reid. May 22, 1922.

Application for certiorari was made to the Supreme Court.

*Hewlett & Dennis,* for plaintiffs in error.

*George F. Gober, D. K. Johnston,* contra.

LUKE, J., dissenting. Mary Lou West, as administratrix of the estate of Oscar West, sued the law firm of Hill & Adams for $1,100 and interest. The allegations of the petition were substantially as follows: Prior to November 7, 1916, as such administratrix, plaintiff entered into a written contract with said firm authorizing them to sue the Southern Railway Company for the death of her brother. Said contract stipulated: "Therefore you are hereby directed to collect damages or any amount of money to which I am entitled as administratrix for his three minor children, either by suit or settlement, and in consideration of said services I hereby agree to pay the said Hill & Adams 10% of all money collected or recovered in case of settlement without litigation after suit is filed, if litigated 25% as the case may be. The eventual and final disposition of the said business to be in accordance with the better judgment of said attorneys and with my approval." On or about June 20, 1918, said attorneys advised her to accept $7,500 in full settlement of her claim, and agreed that if she would do so, they would pay her that amount less 10%. "Upon their promise to pay her the amount of the settlement, she gave her approval of the settlement which she had reserved in the contract of employment." After defendants settled with the railway company, they paid her $5,650 (thus retaining 25% of the amount collected), and refused to pay her $6,750, the amount collected less 10% as they had promised. Plaintiff took the $5,650 with the express understanding that she was not settling the dispute with defendants as to the amount they were due as fees. "Said suit was settled and was not litigated after suit was filed, and defendants owe petitioner $1,100 with interest." In their answer the defendants denied the alleged verbal agree-

ment set out in the petition, relied on the written contract pleaded by the plaintiff, contended that the case had been litigated and that they were entitled to retain 25% of the amount collected from the railway company as their fee, and alleged various things they had done, to show that the case had been litigated. The court having overruled the defendants' demurrers to the petition, and stricken their plea of res adjudicata, the case went to trial, and the jury found a verdict for the plaintiff.

The court charged the jury that if they did not believe that the verbal agreement as to the settlement was made, they " would then go to the questions which arise under the written contract, to which I have called your attention, and if Hill & Adams did the things in reference to that railroad suit which they claim to have done, and to which I have called your attention more than once, that would constitute litigation, by the terms of the contract itself,— the written contract,— and would entitle them to retain 25%, but if Miss West understood otherwise, as I have explained to you, and Mr. Hill knew that she understood otherwise, and agreed with her in the matter, then what they did, if you determine from the evidence what that was, would not constitute litigation, but the contract would then mean, that to constitute litigation, the railroad suit must have been carried to a trial by jury, and, if that was done, the defendants could only retain 10%." The judge having already properly charged that the written contract in question was unambiguous, and that the construction of it was for the court, and that the word " litigate " did not mean that the case had to go to a jury trial, it was, in my opinion, error to allow the jury to determine the meaning of that word in accordance with the previous understanding of the parties. " All that was said between the contracting parties in relation to the terms and stipulations of the contract is presumed to have been merged in the written contract, which is the highest and best evidence of the contract between the parties, in the absence of any evidence as to fraud, accident, or mistake at the time of its execution, delivery and acceptance by the contracting parties." *Sullivan* v. *Cotton States Life Insurance Co., 43 Ga. 423.*

It is also my opinion that the special demurrer, which alleged that " said petition does not show in what court said suit was filed,

when it was filed, nor the term of court to which it was filed," should have been sustained.

For the foregoing reasons I am constrained to dissent from the majority opinion in this case.