### 14478. PYLES, sheriff, *v.* EASTERLING.

A petition for a rule against the sheriff of a city court for failure to make proper returns of money received by him from the sale of property under an execution issued from and returnable to the city court will not lie in the superior court unless there is a prayer for special equitable relief.

DECIDED OCTOBER 3, 1923.

Appeal; from Berrien superior court —Judge Dickerson. January 6, 1923.

*Bryan & Middlebrooks, W. D. Buie, W. R. Tichenor,* for plaintiff in error.

*John P. & Dewey Knight, Homer E. Oxford,* contra.

BLOODWORTH, J.   In the superior court of Glynn county a petition was filed against the sheriff of that county, praying that " a rule nisi directed to the said sheriff, defendant, requiring him to show cause why he should not pay over to your petitioner or his attorneys, instanter, the money due on said fi. fa., or why, in default thereof, he should not be attached for a contempt." The petition shows that " said fi. fa." was issued from the city court of Brunswick. A demurrer was filed, one of the grounds of which is as follows: " Because by said petition plaintiff seeks to maintain, in the superior court of Glynn county, a money-rule against an officer of the city court of Brunswick for an act done as an officer of the city court of Brunswick in handling a process issued by and made returnable to the city court of Brunswick. If defendant is subject to a money-rule for his alleged acts, the city court of Brunswick alone would have jurisdiction to grant the same." In *Towns v. Springer,* 9 *Ga.* 130, the Supreme Court held: " It appears from the statements in the plaintiff's declaration, that the fi. fa. upon which the rule against the sheriff was moved issued upon the foreclosure of a mortgage, and *was returnable to the inferior court.* The rule was moved before the *superior* court, and was there made absolute. The question is, was that order absolute or judgment of the superior court admissible on the trial, to charge the surety of the sheriff. We think it was not, because it is a mere nullity. It is a nullity because the court which rendered it had no jurisdiction over the sheriff upon a rule founded on an execution returnable to the inferior court. . . To make a judgment in personam valid, the court which renders it must have jurisdiction of the subject-matter and of the person against whom it is rendered. In this case the superior court had no jurisdiction over the sheriff. He is amenable to the inferior court upon the process which issues from that court. That court has jurisdiction over its own processes. The sheriff is the officer of that court, as well as of the superior court. He is bound to execute its processes. If he does not, he is in contempt of that court. He is bound to obey its orders, and if he does not, he is in contempt, and if in contempt, that court alone has the power of punishing him. As he is not in contempt of the superior court for not obeying a process from the inferior court, the superior court has no power to punish him for not obeying the

order absolute on the rule. *Bethune* v. *Bonner, 2 Kelly,* 169; 9 Cow. R. 229; 15 Johns. R. 141; 4 Ibid. 354; 3 Wils. R. 188; 6 Wheat. R. 204; 2 Bay R. 182; 7 Wheat. 38; *Dearing* vs. *Bank of Charleston, 5 Ga. R.* 497." See *Bell* v. *Brown, 29 Ga.* 212.

In *Black* v. *Weaver, 7 Ga. App.* 507 (3) (67 S. E. 389), this court held: "Where the same person holds the two offices of sheriff of the city court and sheriff of the county, and a rule is brought in the city court to distribute a fund held by him as an officer of that court, the city court may proceed with the distribution of the fund, notwithstanding a prior rule nisi was issued upon a petition for a rule to distribute, filed in the superior court against the same individual as an officer of the latter court, on the theory that he held the fund as sheriff of the county. In such a case the superior court does not take jurisdiction, except by virtue of a prayer for special equitable relief." The petition in the case we are now considering contained no prayer for equitable relief.

Under the principle announced in the foregoing cases, the court erred in overruling the demurrer to the petition; and the other proceedings were nugatory.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*