21200. COMMINS *et al. v.* ROSS *et al.*

DECIDED OCTOBER 7, 1931.

*John M. Morrow,* for plaintiffs in error.

*Murrell & Murrell,* contra.

LUKE, J. Archie Ross and Lola Ross, by their petition for a money rule in the superior court of Fulton county against John Commins and John W. Morrow, allege: that the defendants are residents of Fulton county, and are practicing attorneys at law admitted to practice in the courts of this State; that on June 9, 1929, the defendants solicited the plaintiffs to represent them as their attorneys in a matter occasioned by the death of the plaintiffs' child, James Ross, on June 8, 1929; that upon the representation of said attorneys that they would obtain a substantial judgment for the plaintiffs on account of the death of their child, the plaintiffs agreed for the defendants to represent them in said matter; that the plaintiffs obtained an award before the Industrial Commission of Georgia against Julian Dodd and C. L. Butler, doing business as Dodd and Butler, on March 5, 1930, for the sum of $100 funeral expenses and $5.10 per week for 300 weeks, plus $153 and $306 attorney's fees; that said Dodd and Butler entered an appeal to the superior court from the ruling of the Industrial Commission, and that the superior court affirmed the order of the commission on March 21, 1930, as will more fully be seen by case No. 842203, filed in the superior court, and made said award the judgment of the superior court; that thereafter the clerk of the

superior court issued an execution in favor of the plaintiffs against Dodd and Butler, which was entered in volume 54, page 29, of the execution docket of the superior court; that said execution issued for the amount of $1630 together with $10.83 as clerk's cost and $2 sheriff's cost, and that the said Commins and Morrow proceeded to collect the same; that on June 15, 1930, the said Commins and Morrow collected from the said Dodd and Butler certain moneys on account of said execution and satisfied the same of record; that the plaintiffs had often requested the said Commins and Morrow to account to them for the collection of said moneys, but the said Commins and Morrow refused to account to the plaintiffs or to pay over any money to the plaintiffs, and state that they have not collected said moneys; that said Commins and Morrow have not even advised the plaintiffs that they have settled said execution or that they have received any money upon the same, although the plaintiffs have requested that they advise them; that Commins and Morrow did not have authority from plaintiffs to settle said matter for less than the full amount of the execution and cost; and the petition concludes with a prayer "that a rule issue to the said Commins and Morrow requiring them to show cause before this court why they failed and refused to pay to plaintiffs the said sum of money, the amount of said execution or the amount that they have collected by virtue of the same, and that a rule absolute be entered by this court requiring the said Commins and Morrow to forthwith and instanter pay said amounts to plaintiffs, and that plaintiffs have judgment against said defendants for said sum of $1630, and that process issue requiring said defendants to be and appear at the next term of this honorable court to answer petitioners' complaint." The order of the court thereon is as follows: "The within and foregoing petition read and considered. Let the same be filed. Let the said defendants be served with a copy of said petition together with a copy of this order. Let the defendants show cause before me or the presiding judge of the motion division of Fulton superior court on the 11th day of October, 1930, at 9:30 o'clock a. m., why they have failed and refused to pay to plaintiffs the sums of money collected by them, and further that they show cause why the prayers of the petition should not be granted." The defendants demurred on the ground that "the petition and rule filed by plaintiffs in the above-stated case are insufficient in

law and should be dismissed." The court overruled the demurrer, and the defendants excepted.

Plaintiffs in error contend in their brief that the right to enforce payment of money by rule is penal in its nature and must be strictly construed; and that the rule did not contain a full statement of the case.

While the right to rule an attorney for money alleged to be in his possession as such attorney is penal in its nature and must be strictly construed, such a money rule is not a criminal proceeding. "A proceeding by a money rule is a suit, within the meaning of § 5526 and § 6543 of the Civil Code," and "where attorneys retain in their hands money from their clients after it has been demanded, they are liable to rule as sheriffs are." *Clark* v. *Hilliard,* 19 *Ga. App.* 514 (2, 4) (91 S. E. 926); Civil Code (1910), § 4954. "Suing out a money rule against a levying officer is, in effect, the bringing of a suit or civil action against him." *Roberts* v. *Keeler,* 111 *Ga.* 181 (36 S. E. 617). The petition alleges that the defendants did not have authority from the plaintiffs to settle for less than the full amount of the execution and cost; and without special authority attorneys have no lawful right to settle a client's claim for less than the full amount due. Civil Code, § 4956; *Johnson* v. *Starr Piano Co.,* 27 *Ga. App.* 425 (108 S. E. 811).

The petition and rule are sufficient in law, and the court did not err in overruling the general demurrer.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*