490

## 24035. PYLES, sheriff, v. KEELS.

JENKINS, P. J. A chattel-mortgage execution, issued by the city court of Blackshear, and directed to the sheriff of that court and to all and singular the sheriffs of the State and lawful deputies, was sent to the sheriff of Glynn County for levy on property in that county. A rule for contempt was issued by the superior court of Glynn County against the sheriff of Glynn County, for his failure to properly execute and return the execution. To this proceeding the defendant sheriff of Glynn County filed a demurrer, the sole ground of which now insisted upon in his exceptions to the overruling of the same is that the petition does not set forth a cause of action because it seeks to maintain in the superior court of Glynn County a money rule against an officer of the superior court of Glynn County for an act done in handling a process issued by and made returnable to the city court of Blackshear. *Held:*

1. A sheriff is not liable to be ruled outside of the county of his residence. *Sheffield* v. *State*, 69 *Ga.* 730 (2); *Kellogg* v. *Buckler*, 17 *Ga.* 187 (4); *Hodges* v. *Myers*, 17 *Ga.* 292 (2), 293; *Clark* v. *Hilliard*, 19 *Ga. App.* 514 (4, a) (91 S. E. 926).

2. While it has been held that "a petition for a rule against the sheriff of a city court for failure to make proper returns of money received by him from the sale of property under an execution issued from and returnable to the city court will not lie in the superior court unless there is a prayer for special equitable relief" *(Pyles* v. *Easterling*, 30 *Ga. App.* 783, 119 S. E. 351; *Griffin* v. *Nix*, 33 *Ga. App.* 136, 125 S. E. 732), the rules were issued in those cases against the sheriff of the city court acting within his own county and in his capacity as an officer of the city court under process made returnable to that court; and these rulings would not have application where, as here, the process was sent for execution outside of the county in which it was issued, and was delivered to the sheriff of another county, who as an officer of the superior court of his own county acted under its supervision and was subject to its authority, and under sections 5346 and 5347 of the Civil Code (1910) was liable to its attachment for contempt for failure to properly perform his duties and functions as sheriff of his own county. The instant case is, therefore, distinguishable from the *Pyles* and *Griffin* cases, above cited, in that the attachment in this case was issued against the defendant as sheriff of Glynn County, who was authorized to execute the process, and was not issued against the sheriff of the city court issuing the process, as in those two cases. Accordingly, the court did not err in overruling the demurrer based upon the ground that the superior court of Glynn County was without jurisdiction. See also *Hollis* v. *Saulsbury*, 64 *Ga.* 444; *Williams* v. *Ellis*, 22 *Ga. App.* 673 (97 S. E. 100).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 2, 1935.

*Ralph Dawson, Reese, Scarlett, Bennet & Highsmith,* for plaintiff in error.

*J. B. Moore,* contra.