28800.   LANCASTER *v.* BRANDT.

DECIDED MARCH 1, 1941.

*A. G. Smith,* for plaintiff.  *Winfield P. Jones,* for defendant.

FELTON, J.  (After stating the foregoing facts.)  "Where attorneys retain in their hands the money of their clients after it has been demanded, they are liable to rule (and otherwise) as sheriffs are, and incur the same penalties and consequences."  Code, § 9-617.  The provision for a rule against an attorney at law is penal in nature, and must be strictly construed.  *Haygood* v. *Haden,* 119 *Ga.* 463 (46 S. E. 625) ; *Clark* v. *Hilliard,* 19 *Ga. App.* 514 (3) (91 S. E. 926) ; *Commins* v. *Ross,* 44 *Ga. App.* 182 (160 S. E. 679).  Code § 9-617, strictly construed, refers to money the title to which is in the client.  In this case there is no allegation that the $60 fee was fraudulently procured by the attorney, so as to base the claim that the title was in the client, assuming that the petition shows a right to recover it in the plaintiff.  The petition here can not be regarded as a proceeding to disbar, suspend, or punish for contempt, because it is not brought in the name of the State, and the law applicable to such proceedings is not applicable to this case.  In the absence of any other specific authority of

law for ruling an attorney to recover money under such facts as are alleged in this case, we are constrained to hold that no such peremptory rule will lie. A rule will possibly lie to recover the other moneys referred to in the petition, but such rule is improperly joined with a petition to recover the fee, which contains a prayer for process; and the court was correct in dismissing the action, because there was a misjoinder of causes of action, although another reason was assigned. The judgment is affirmed without prejudice, so far as the merits of the causes of action set forth in the petition are concerned; the effect of this court's judgment being that the action should have been and was properly dismissed for the sole reason that the petition contained two alleged causes of action which could not be joined. No ruling is made on the respective merits of the two claims set forth in the petition. *Whiddon* v. *Southern Auto Finance Co.*, 186 *Ga.* 726 (198 S. E. 729). The judgment is affirmed, with direction that before or at the time the judgment of this court is made the judgment of the trial court the plaintiff shall have a right to elect upon which cause of action he desires to proceed; that upon his doing so the case shall stand for trial upon the petition as thus amended; and that upon his failure to so amend the judgment shall stand unconditionally

*Affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. The plaintiff asks for a money rule against his attorney, to recover $215.50 and $60, making a total of $275.50. It is alleged that the plaintiff paid to the defendant, as plaintiff's attorney, to represent the plaintiff in a criminal charge against him, the $215.50; that $200 of this money was to be used by the defendant as a cash bond for plaintiff's appearance to answer the criminal charge; and that the defendant paid $15 of the money to a professional bondsman as the bondsman's fee for making a bond for the plaintiff. It is not alleged anywhere that the defendant did not use all of the $200 as a cash bond; but since it is alleged that the defendant used $105 of the money to employ officers to go to Florida and bring the plaintiff to Atlanta, this money was not used by the defendant as a cash bond. It does appear from the allegations of the petition that $85 of the balance came into the defendant's possession. The petition sets out a cause of action against the defendant as respects the $105 and $85 which it is alleged the defendant has misapplied and fails to deliver

to the plaintiff. As to the $60 which it is alleged that the plaintiff's wife paid to the defendant as a fee for the benefit of the plaintiff, nowhere does it appear that this money belonged to the plaintiff. Therefore it does not appear that the plaintiff is entitled to recover the $60. *Jones* v. *Moore,* 51 *Ga. App.* 716 (181 S. E. 313).

The petition sets out a cause of action to recover of the defendant a portion of the money deposited with him by the plaintiff to be used in the procurement of a cash bond, but does not set out a cause of action for recovery of the $60 paid by the plaintiff's wife to the defendant as a fee for legal services to be rendered by the defendant to the plaintiff. The petition sets out only one cause of action, and that is a cause of action to recover money which the plaintiff delivered to the defendant to be used for the purpose of a cash bond. There can be no misjoinder of causes of action unless both purported causes of action set out in the petition are good. The petition is not subject to demurrer in that there is a misjoinder of causes of action. See *Faughnan* v. *Bashlor,* 163 *Ga.* 525 (136 S. E. 545) ; *Jackson* v. *Chambers,* 24 *Ga. App.* 285 (100 S. E. 659) ; 49 C. J. 394; 21 R. C. L. 523, and cases cited in notes 8 and 9. I am of the opinion that the petition sets out a cause of action, and is good against the general demurrer, and the special demurrer based on the ground of misjoinder. I think the judgment should be reversed. I do not concur in the judgment of affirmance with the direction indicated.