### 29968. BLANCH *v.* ROBERSON.

DECIDED MAY 15, 1943.

*Isadore A. Blanch,* for plaintiff in error.
*W. R. Hewlett, Pearl Burnette,* contra.

STEPHENS, P. J. L. H. Axelrod obtained a judgment on June 2, 1942, against V. C. Roberson for $44.35. On June 5, 1942, Axelrod instituted in a justice's court a garnishment proceeding based on this judgment, and summons of garnishment was served on June 13, 1942, on the Decatur Chevrolet Company as the employer of Roberson. Thereafter W. R. Hewlett, as attorney for Roberson, communicated with Isadore A. Blanch, as attorney for Axelrod, and stated that he was preparing to file a petition in bankruptcy for Roberson and requested Blanch to release the garnish-

ment on payment of $10 on the judgment of $44.35. Blanch informed Hewlett that he would communicate with Axelrod and notify Hewlett whether Axelrod would agree to the proposal. Thereafter Blanch endeavored to reach Hewlett, and, when he was unable to do so, Blanch requested Hewlett's office girl to ask Hewlett to 'phone him. The foregoing occurred on June 15 or 16, 1942. Hewlett did not thereafter communicate with Blanch, and as Blanch did not see any notice in the Fulton County Daily Report that Hewlett had filed a petition in bankruptcy for Roberson, he concluded, after six or seven days, that Roberson had given up his intention to go into bankruptcy. On June 22 Blanch ascertained that the Decatur Chevrolet Company was holding $12.50 under the garnishment. The company requested Blanch to consent to release it from the garnishment on payment of this sum to the justice's court. Blanch stated that he would agree to this if the justice of the peace, Langley, would agree thereto. The Decatur Chevrolet Company requested Blanch to notify Langley, and ask him to have his bailiff present to it a release from the garnishment, and it would turn over to such bailiff, for the court, the $12.50 which it held under the garnishment. At this time no petition in bankruptcy had been filed by Roberson. Early on the morning of June 23 the bailiff presented a garnishment release to the Decatur Chevrolet Company and received from it the $12.50. On the same day, a little past 9 o'clock in the morning, Roberson filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. After deducting the cost of the justice's court Langley paid over to Blanch, as attorney for Axelrod, the balance of the $12.50 received from the Decatur Chevrolet Company, amounting to $9.15. Thereafter, on July 9, the bankrupt presented a petition to the referee in bankruptcy for an order directing the respondent to pay into the bankruptcy court the $12.50 collected from the Decatur Chevrolet Company. On July 27 the referee in bankruptcy passed an order setting aside a homestead exemption to the bankrupt, which exemption included the $12.50 as wages due the bankrupt. On August 19 the referee amended his order of July 27 by providing that the item in the homestead exemption setting aside "wages due petitioner in the amount of $12.50 " be amended to read "wages due petitioner by Decatur Chevrolet Company in the amount of $12.50." This order was passed pursuant to the written motion

filed by Axelrod which contained the following: "It is respectfully requested that the court amend said order to state that the said item of $12.50 constitutes a chose in action against Decatur Chevrolet Co., the employer of the bankrupt, as petitioner believes that such was the legal intent of the court, and thereby relieve petitioner (L. H. Axelrod) or his attorney, from being harassed with threats for contempt, by reason of the faulty construction of said order."

Roberson, through his attorney, Hewlett, on September 28, filed in Fulton superior court a petition in which he alleged that he had been adjudged a bankrupt on June 23, 1942, that a homestead exemption had been set apart to him by the referee which had not been excepted to by Axelrod, and that this exemption included the $12.50 received by Blanch as the attorney for Axelrod from the justice's court as the result of the garnishment therein against the Decatur Chevrolet Company, the employer of the bankrupt. The bankrupt alleged that the $12.50 was part of his assets at the time of his adjudication in bankruptcy, and that Blanch had obtained the money without authority of law, and his refusal to turn such money over to him as a part of the homestead exemption set aside to him subjected Blanch to a rule for contempt, "and is unethical and contrary to equity and justice." The bankrupt prayed "that a rule nisi issue against said I. A. Blanch, attorney as aforesaid, requiring him to show cause why he does not pay over to petitioner the money so collected as aforesaid, and why said rule should not be made absolute, or in default thereof that he be attached for contempt." A rule nisi issued requiring "I. A. Blanch, attorney," to show cause on October 20 why he had not paid over such sum to the bankrupt and why the rule should not be made absolute, and in default of such, why he should not be attached for contempt. On October 20, in response to the rule, a hearing was held before Judge Edgar E. Pomeroy of Fulton superior court, and the following order was passed: "The rule in the above case to pay over money obtained by deft. after bankruptcy proceedings were filed coming on for hearing, it is ordered that said rule be made absolute for $9.15. The deft. is allowed 15 days within which to enter an appeal." On October 30, and during the same term, Blanch moved for a rehearing, and an order was passed staying the enforcement of the order of October 20,

and requesting the bankrupt to show cause before Judge Pomeroy on November 2 why the order of October 20 should not be vacated. On November 2 this motion came on for hearing before Judge Pomeroy, and the following judgment was rendered: "After hearing, the foregoing motion is hereby denied and the order of October 20, 1942, is affirmed. Supersedeas of ten days allowed." To this judgment Blanch excepted.

The order excepted to was rendered in a proceeding instituted against the attorney in the nature of a rule for money. An attorney at law is an officer of the superior court. "If any sheriff, coroner, justice of the peace, constable, clerk of the superior court, or attorney at law shall fail, upon application, to pay to the proper person or his attorney any money he may have in his hands, which he may have collected by virtue of his office, the party entitled thereto or his attorney may serve said officer with a written demand for the same; and if not then paid, for such neglect or refusal the said officer shall be compelled to pay at the rate of 20 per cent. per annum upon the sum he has in his hands, from the date of such demand, unless good cause is shown to the contrary." Code, § 24-206. Code, § 24-209 provides: "The judges of the superior court . . upon application, may grant rules nisi against all officers subject thereto." Code § 24-104 provides: "Every court has power . . To control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." Under Code § 24-105 the court is given power to punish for contempt its officers for misbehavior in their official transactions, and for resistance to its lawful writs, processes, orders, rules, decrees or commands. However, the power to rule an attorney at law is imposed under Code § 9-617, which provides as follows: "Where attorneys retain in their hands the money of their clients after it has been demanded, they are liable to rule (and otherwise) as sheriffs are, and incur the same penalties and consequences."

The provision of law for a summary rule against an attorney at law is penal in its nature and must be strictly construed. *Lancaster* v. *Brandt*, 64 *Ga. App.* 429, 431 (13 S. E. 2d, 516). The right to rule an attorney for money alleged to be in his hands as such attorney depends on the existence of the relation of attorney and client, and is limited to the client. *Breen* v. *Phillips*, 169 *Ga.* 13

(149 S. E. 565); *Haygood* v. *Haden*, 119 *Ga.* 463 (2) (46 S. E. 625); *Knight* v. *Rogers*, 22 *Ga. App.* 308 (95 S. E. 997); *Smith* v. *International Lawyers*, 35 *Ga. App.* 158 (132 S. E. 245).

There being no relationship of attorney and client between the person seeking the rule and the respondent attorney relative to the money alleged to have been wrongfully retained by the attorney, the court was without authority to render the judgment making the rule absolute. It was therefore error to refuse to vacate the rule absolute. *Judgment reversed. Sutton and Felton, JJ., concur.*