18575. AIKEN *v.* RICHARDSON.

ARGUED MAY 11, 1954—DECIDED MAY 31, 1954—
REHEARING DENIED JUNE 15, 1954.

*G. Seals Aiken, Ben F. Sweet, F. L. Breen,* for plaintiff in error. *Hugh Dorsey, Jones, Williams, Dorsey & Kane,* contra.

HEAD, Justice. In *Aiken* v. *Richardson,* 85 *Ga. App.* 180 (1) (68 S. E. 2d 228), with reference to the action of the trial court in striking the answer of the respondent in a money rule, it was said: "The judgment of the trial court, having sustained certain grounds of a motion to dismiss the answer of the respondent, and being unexcepted to, became the law of the case that the answer was subject to be dismissed for the reasons set forth in said motion. It follows that the subsequent judgment of the trial court dismissing the answer was without error. Since, under the law of this State governing money rules, it is the duty of the trial court in the absence of an answer of the respondent to make the rule absolute, and since, after dismissal, there was no answer in this proceeding, the trial court did not err in entering the judgment making the rule absolute here." 

The respondent having acquiesced in the striking of his answer by his failure to properly except and assign error thereon, as held by the Court of Appeals, he is bound by the law of the case as to this issue, and he is further bound by the ruling of the Court of Appeals to the effect that "the discretion of the trial court in making the rule absolute will not be interfered with." *Aiken* v. *Richardson,* 85 *Ga. App.* 180, 185, supra.

"The decision rendered by the Court of Appeals when this case was before that court is the law of the case on the questions decided." *Anderson* v. *Rheney,* 152 *Ga.* 418 (110 S. E. 164).

In *Aiken* v. *Richardson,* 209 *Ga.* 837, supra, this court had under consideration a previous motion of the respondent to set

aside the rule absolute which had been affirmed by the Court of Appeals. It was held that the rule absolute could not be set aside on grounds which were urged or could have been urged on the trial and the appeal therefrom.

In *McEntire* v. *John Hancock Mutual Life Ins. Co.*, 174 *Ga.* 158 (162 S. E. 134), it was held: "When the remittitur was filed in the trial court the judge rendered a judgment in conformity with the ruling of the Supreme Court. To this judgment the plaintiff in error filed exceptions, and brought the case again to the Supreme Court. 'A decision by the Supreme Court is controlling upon the judge of the trial court, as well as upon the Supreme Court when the case reaches that court a second time. The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case.' *Western & Atlantic R. Co.* v. *Third National Bank*, 125 *Ga.* 489 (54 S. E. 621), and cit."

In *Turner* v. *Davidson*, 188 *Ga.* 736, 738 (4 S. E. 2d 814, 125 A. L. R. 401), it was said: " 'It is well settled that a former decision of this court in the same case becomes the law of that case, and can not thereafter, upon a subsequent appeal, be modified or overruled. [Authorities.]' *Dixon* v. *Federal Farm Mortgage Corporation*, 187 *Ga.* 660 (1 S. E. 2d 732). This ruling disposes of the request of the defendant in error that we 'review and reverse' the former decision of this court."

The ruling of this court in *Aiken* v. *Richardson*, 209 *Ga.* 837, controls adversely to the respondent every assignment of error sought to be made in the bill of exceptions in the present case.

The respondent apparently recognizes the well-established rule that he is bound by the law of the case. In his present appeal he assigned as error the failure and refusal of the trial judge to sign the order prepared by the respondent and his counsel, which was in four parts, part 4 being as follows:

"In view of the foregoing findings of fact, I further find as a matter of fact that Aiken is not in contempt of court and has not been in contempt of court in this case.

"Nevertheless, the court is constrained to deny, and does hereby deny, Aiken's said motion on each and every ground thereof, including the ground to set aside the 20 percent penalty,

because it feels bound to do so by virtue of the decision of the Supreme Court of Georgia in *Aiken* v. *Richardson*, 209 *Ga.* 837, decided by that court on May 12, 1953."

2. The cases of *Chipman* v. *Barron*, 2 *Ga.* 220; *Davis* v. *Dempsey*, 15 *Ga.* 182; *Holcombe* v. *Dupree*, 50 *Ga.* 335; *Odom* v. *Gill*, 59 *Ga.* 180; *Wakefield* v. *Moore*, 65 *Ga.* 268; *Hovey* v. *Elliott*, 167 U. S. 409 (17 Sup. Ct. 841, 42 L. ed. 215), and similar cases cited in the brief of the respondent, are not in point on their facts with the present case and do not authorize a different ruling. There was no appeal to this court or to a court of last resort in any case cited by the respondent wherein an adverse ruling was unexcepted to, followed by a judgment of the appellate court that the ruling unexcepted to was controlling on the judgment rendered.

It is insisted in the brief of the respondent that a money rule against an attorney is penal in nature and must be strictly construed. The decisions of this court and of the Court of Appeals are in accord with this contention of the respondent. *Haygood* v. *Haden*, 119 *Ga.* 463 (46 S. E. 625); *Breen* v. *Phillips*, 169 *Ga.* 13 (149 S. E. 565); *Clark* v. *Hilliard*, 19 *Ga. App.* 514 (91 S. E. 926); *West* v. *Hill & Adams*, 23 *Ga. App.* 636 (99 S. E. 155); *Commins* v. *Ross*, 44 *Ga. App.* 182, 184 (160 S. E. 679); *Lancaster* v. *Brandt*, 64 *Ga. App.* 429, 431 (13 S. E. 2d 516); *Blanch* v. *Roberson*, 69 *Ga. App.* 423, 426 (25 S. E. 2d 720).

The proceeding is nonetheless a civil action wherein the preponderance-of-evidence rule applies. *Tindall* v. *Nisbet*, 113 *Ga.* 1114, 1135 (39 S. E. 450); *Pedigo* v. *Celanese Corp. of America*, 205 *Ga.* 392, 401 (54 S. E. 2d 252). Such a proceeding is remedial in character. *Cobb* v. *Black*, 34 *Ga.* 162, 166; *Howard* v. *Durand*, 36 *Ga.* 346 (91 Am. D. 767); *Ryan* v. *Kingsberry*, 89 *Ga.* 228 (15 S. E. 302); *Drakeford* v. *Adams*, 98 *Ga.* 722 (25 S. E. 833); *Heflinger* v. *Heflinger*, 172 *Ga.* 889, 894 (159 S. E. 242, 76 A. L. R. 386); *Reese* v. *Reese*, 189 *Ga.* 314, 315 (5 S. E. 2d 777); *Hancock* v. *Kennedy*, 22 *Ga. App.* 144 (95 S. E. 735).

As pointed out in *Cobb* v. *Black*, supra, and *Drakeford* v. *Adams*, supra, there is a wide distinction in the power of the court to impose punishment in cases of contempt. In punitive cases the court is limited to the imposition of a fine of $200 and imprisonment not exceeding twenty days. Code § 24-2615 (5).

In the remedial proceeding the court may imprison the respondent until he shall comply with the order of the court.

In part 2 of his brief the respondent insists that he has been adjudged guilty of serious crimes, without a trial and without any evidence. This contention is not sustained by the record. If, by this statement, the respondent refers to unauthorized statements by opposing counsel in some proceeding, this would not be cause for reversing the judgment against him. In the present case there is a rule absolute against the respondent, brought about by his own failure to except and assign error on appeal to a ruling by the trial court. He has not as yet, insofar as this record reveals, been cited for contempt for refusal to comply with the rule absolute, nor has any execution been issued against him, and there is nothing to indicate that these methods providing for the enforcement of the rule absolute (Code § 24-214; *Smith* v. *Bush*, 58 *Ga.* 121, 124) shall ever become necessary. The respondent in all probability will comply with the rule absolute and pay the amount of the judgment when he determines that he has exhausted his legal remedies, and is precluded by the former judgments.

*Judgment affirmed. All the Justices concur.*